In the Matter of the Application of JAMES ALFRED HARVEY, JR., for Admission to Practice as an Attorney. JAMES A. HARVEY, JR., Appellant; COMMITTEE ON CHARACTER AND FITNESS, TENTH JUDICIAL DISTRICT, Respondent.

Submitted May 25, 1955; decided July 8, 1955.

*Samuel Lawrence Brennglass* for appellant. Petitioner-appellant comes within the letter and spirit of subdivision 1 of rule II of the Rules of the Court of Appeals. (*Matter of Lerch,* 280 N. Y. 74.)

No appearance for respondent.

DESMOND, J. We granted leave to appeal in this proceeding so that we might again canvass the meaning and application of former rule II of this court for the admission of attorneys, and *Matter of Lerch* (280 N. Y. 74). Former rule II, in effect until June 15, 1955, was, in applicable part, as follows:

" Rule II. *Admission without examination.* The following classes of persons may, in the discretion of the Appellate Division, be admitted and licensed without examination:

" 1. Any person who has been admitted to practice in the highest law court in any other State or territory of the American Union or in the District of Columbia and who has actually practiced at least five years in such court or in the highest court of original jurisdiction."

On June 15, 1955, after this appeal had been argued, there went into effect a revised set of rules but our new rule VII-1 (see, also, new rules VII-2, VII-3 and VII-4) is not intended to have any meaning or effect different from former rule II, as heretofore construed and applied.

Petitioner was admitted to the Georgia Bar in 1935 and has resided in New York State since 1947. His application to the Appellate Division, Second Department, for admission to the New York Bar was denied by that court on recommendation of its Committee on Character and Fitness. The adverse report of the committee was based on the conceded fact that, during the period claimed by petitioner as his " at least five years " of practice in Georgia, he had spent at least half his time, in each year, working and living in southern States other than Georgia. Employed by a liability insurance company as a " Claims Attor-

ney '', he, while retaining a domicile in Atlanta, Georgia, traveled about in other States in his employer's business. It is unnecessary to decide whether his activities amounted to the practice of law since, as we hold, the Appellate Division acted within its discretionary powers in ruling that petitioner did not show compliance with the residence requirements laid down by this court in *Matter of Lerch* (280 N. Y. 74, *supra*), on which decision the Appellate Division relied.

At the time *Matter of Lerch* (*supra*) was decided (and until June 15, 1955) our rule II contained no requirement of *residence* in the foreign State in which a petitioner claimed five years of practice. But the *Lerch* decision wrote that condition into the rule, and our new rule VII-1 includes it in terms.

In a sense, everything in the *Lerch* opinion (*supra*) was a dictum except the holding, applicable to the *Lerch* facts, that one cannot get credit for out-of-State practice while a resident of New York State. But the *Lerch* dicta, if such they were, have been followed ever since by the Appellate Division and by this court. One who seeks admission to our Bar without examination because he has been a member of the Bar of another State (or the District of Columbia) must have resided, continuously or substantially so, in that other jurisdiction for the five years. As to the five years of '' practice '' in the foreign jurisdiction, that means admission to the Bar with the right to practice in that jurisdiction's highest court. Just how much or what kind of '' practice '' such an applicant must show is for the broad, inclusive discretion of the Appellate Divisions, which in the end must determine professional '' fitness '' as well as good character (see old rule II, subd. 2, second par., and new rule VII-3).

The order should be affirmed, without costs.

CONWAY, Ch. J., DYE, FULD, FROESSEL, VAN VOORHIS and BURKE, JJ., concur.

Order affirmed.