In the Matter of the Application of GEORGE ROBBINS BROWN, for Admission to Practice as an Attorney, Appellant. COMMITTEE ON CHARACTER AND FITNESS, FIFTH JUDICIAL DISTRICT, Respondent.

Fourth Department, June 19, 1957.

*Per Curiam.* Applicant, who was admitted to the Bar of the District of Columbia on April 9, 1940, has applied to be admitted to the Bar of this State pursuant to rule VII of the Court of Appeals for the admission of attorneys and counselors at law. The stated rule provides in part that " In its discretion the Appellate Division may admit to the bar and license to practice without examination a person who (a) has been admitted to practice in the highest law court * * * in the District of Columbia * * *; and (b) while residing in * * * the District of Columbia * * * has actually practiced for a period of at least five years in its highest law court or highest court of original jurisdiction ".

We are here concerned with that portion of the rule which requires actual practice in the highest court of original jurisdiction for at least five years while residing in the District of Columbia. It appears from the application that from the time of Mr. Brown's admission to the Bar in April, 1940 to July 1, 1941 he was employed by a law firm in the District of Columbia. He thereafter served as an officer in the U. S. Naval Reserve from July 7, 1941 to September, 1945. During this period he was stationed in Washington until October, 1942 when he was transferred to Dayton, Ohio, where he continued to serve until his release from active duty in September, 1945. He maintained a separate residence in Washington from April, 1941 until his transfer to Ohio when " he re-established his residence with his paternal grandmother " in Washington. It appears from the record that during his naval service applicant served as a commodities officer and a commodities specialist and later as assistant to the Bureau of Aeronautics representative engaged in allocation, expediting and placing of lumber and plywood for aircraft. In this work applicant from time to time was called upon to draft orders and do some other work of a

quasi-legal nature in conjunction with the War Production Board and other government agencies. He also served incidentally for two years during his service in Ohio as a legal aid officer. None of his legal work, however, was under the jurisdiction of the Judge Advocate General of the Navy.

Upon applicant's release from active duty he returned to the private practice of law in the District of Columbia. This continued for two or three months until November, 1945 when he moved to the State of Illinois where he was engaged in business until 1949 when he moved to this State. During these 11 or more years he has occupied positions as partner, corporate officer and salesman for different companies engaged in the manufacture of plywood and lumber.

It is the contention of applicant that he comes within the rule requiring five years actual practice while residing within the District of Columbia. To do so he first claims that his legal residence continued to be in the District of Columbia during the time of his naval service in Ohio and by reason of periodical temporary duty assignments to Washington. He similarly claims for the same reasons that he is entitled to credit of the three years he was in Ohio towards the required time of five years of actual practice in the District of Columbia. This court upon receipt of the application and supporting papers referred the matter to Committee on Character and Fitness of the Fifth Judicial District. That committee after careful consideration has by unanimous action withheld approval of the application.

The legal principles that must here control have been stated in *Matter of Harvey* (309 N. Y. 46, 48). There it was said that "One who seeks admission to our Bar without examination because he has been a member of the Bar of another State (or the District of Columbia) must have resided, continuously or substantially so, in that other jurisdiction for the five years. As to the five years of 'practice' in the foreign jurisdiction, that means admission to the Bar with the right to practice in that jurisdiction's highest court. Just how much or what kind of 'practice' such an applicant must show is for the broad, inclusive discretion of the Appellate Divisions, which in the end must determine professional 'fitness' as well as good character (see old rule II, subd. 2, second par., and new rule VII-3)."

We find it unnecessary to pass upon the question as to whether applicant was a resident of the District of Columbia within the meaning of the rule during the three years of his naval service in the State of Ohio. Present a contrary finding it could not be found that applicant has resided in Washington for five years since his admission to practice. We recognize the rule that gen-

erally speaking the domicil of a person is in no way affected by service in the armed forces of his country. (Cf. 17 Am. Jur., Domicil, § 73; Restatement, Conflict of Laws, § 21; *Ray* v. *Ray,* 193 Misc. 131.) The word " residence " has many shades of meaning and questions relating thereto are at times governed by the intent of a party. (Cf. *Matter of Seld* [*Siegfred*], 268 App. Div. 235.) Moreover, it could be fairly concluded from the evidence that applicant during the period of his naval service in Ohio took no action that might be construed as establishing a residence in Ohio but on the contrary evidenced an intent to maintain a domicil or residence in the District of Columbia.

We prefer to rest our determination, however, upon the requirement of the rule that the applicant must have " actually practiced for a period of at least five years " in the District of Columbia. In making this decision, as has been stated, there is vested in this court the discretion to determine how much or what kind of " practice " an applicant must show (*Matter of Harvey, supra*). An examination of the submitted papers discloses that applicant's legal practice consisted of the defense of three actions in Municipal Court. In the District Court he conducted one adoption proceeding; made an application for the change of name of an individual and handled one estate. In addition he consulted with clients and was attorney in one real estate proceeding. While in the Navy he drafted various orders and as an incidental duty was legal aid officer. For more than 11 years he has been engaged in business with little or no association with legal matters until a recent date when he established his business office in the suite occupied by a firm of attorneys where he is currently doing some legal research in his unoccupied time.

We recognize that an attorney admitted to practice in a foreign jurisdiction, who resides there for five years and actually practices, and then comes to this State seeking admission to the Bar under the provisions of rule VII may frequently have had a limited legal experience. In such a case, however, the burden is cast upon this court of reviewing the facts presented and exercising its discretion. It is indeed unfortunate that this applicant had his career in the legal profession cut short by the exigencies of war. We cannot ignore the fact, however, that upon applicant's return to civilian life he embarked upon a business career. Now, more than 15 years since he severed his connection with a Washington law firm he seeks admission to the Bar of this State without examination upon a construction of the applicable rule that would stretch it to the breaking point.

We conclude that applicant has not shown that he practiced law in the District of Columbia for five years within the fair intendment and meaning of the applicable rule. In the exercise of discretion the application should be denied.

All concur. Present — McCURN, P. J., VAUGHAN, KIMBALL, WILLIAMS and BASTOW, JJ.

Application for admission denied.