Per Curiam.

We conclude that the several Appellate Divisions do not have authority to deny an applicant admission to the Bar on the basis of their independent determination that *679 he has not demonstrated adequate general or legal educational preparation or qualification.
Recognition that ultimate responsibility for regulating admission to practice law is vested in the Court of Appeals is to be found in subdivision 1 of section 53 of the Judiciary Law: "The court of appeals may from time to time adopt, amend, or rescind rules not inconsistent with the constitution or statutes of the state, regulating the admission of attorneys and counsellors at law, to practice in all the courts of record of the state.” Provision has been made for admission to practice law in New York State, other than pro hac vice, by progress along either of two routes: by passing the State Bar examination (Rules of the Court of Appeals for the Admission of Attorneys and Counselors at Law [hereafter "Rules”], 22 NYCRR 520.2-520.6; cf. Judiciary Law, § 53, subd 3); or on motion without examination by proof of admission and five years’ actual practice in a sister State or in another country whose jurisprudence is based on the principles of English common law (Rules, § 520.8; cf. Judiciary Law, § 53, subd 2).
Whichever route be selected, actual admission is only on order of the appropriate Appellate Division (Rules, § 520.1 [a]; cf. Judiciary Law, § 90, subd 1). On proof of compliance with other provisions of the Rules of the Court of Appeals and on submission either of a certificate that the Bar examination has been passed or of proof of admission and requisite practice in another qualifying jurisdiction, an applicant is entitled to an order admitting him to practice if the appropriate Appellate Division is "satisfied that such person possesses the character and general fitness requisite for an attorney and counsellor-at-law” (Rules, § 520.9; cf. Judiciary Law, § 90, subd 1; CPLR art 94).
The issue tendered on this appeal is whether in the exercise of its responsibility for screening for "character and fitness”, the Appellate Division may exclude an applicant for admission on motion who is otherwise qualified on the ground that he does not have "sufficient grounding in the legal profession as practiced in the State”—in effect that he lacks the necessary legal educational preparation and qualification. We hold that the Appellate Divisions have no authority to deny admission on this ground (cf. Matter of Brennan, 230 App Div 218).
Appellant was admitted to practice in the courts of Pakistan on September 28, 1954 and thereafter actively practiced in the courts of that Country for more than five years. Since October, *680 1972 he has lived in New York State as a resident alien.* Preparatory to appellant’s applying to the Appellate Division for admission on motion, on his application our court made an order on May 6, 1974 that Pakistan is a Country whose jurisprudence is based upon the principles of English common law within the contemplation of section 520.8 (a) (1) and that five years of active practice in the courts of that Country would meet the pertinent requirements of the Rules of our court. Thereafter as a resident of Ithaca, appellant made application to the Appellate Division, Third Department, for admission on motion. In accordance with standard practice, appellant appeared on several occasions before members of the Committee on Character and Fitness of the Sixth Judicial District. Based on a character report from the National Conference of Bar Examiners (required in connection with such an application under Rule 520.8 [b] [3]) and such other proof as the committee deemed appropriate, including the personal interviews, the committee found "That applicant displays a good moral character.” The committee went further, however —and this is the crux of the case—and reported: "that it cannot recommend or certify applicant to the Court as one possessed of the legal training and ability necessary for the admission to the Bar without examination.” The Appellate Division sustained its Committee on Character and Fitness and denied appellant’s application for admission to practice stating in its slip decision: "The Committee has determined that it cannot recommend or certify petitioner as one possessed of the legal training and ability necessary for admission to the Bar without examination. We accept the report of the Committee and deny petitioner’s application.” We granted leave to appeal (37 NY2d 707). The determination at the Appellate Division should be reversed.
In the design of the procedures for admission to practice law in our State, the determination of general and legal educational qualification has traditionally been kept separate and apart from the co-ordinate determination as to character and general fitness. Responsibility for the former has been retained by the Court of Appeals while responsibility for the latter has been delegated by the Court of Appeals and by statute to the several Appellate Divisions.
*681 As to educational qualification, for some years the Rules of the Court of Appeals have made provision for admission either by taking and passing the Bar examination or, as a substantial equivalent for the few applicants seeking admission on motion without examination, by both admission and five years’ practice in another common-law jurisdiction. Compliance with either alternative ends the inquiry with reference to general and legal educational qualification. Any supplemental or substitute requirement as to this aspect of the applicant’s eligibility for admission must be made by provision of the Rules of the Court of Appeals. There is none now.
The authority which has been delegated to the Appellate Divisions is limited to the area of moral character and individual integrity. Whatever the depth of the entirely understandable concern and conviction of the members of the several Appellate Divisions that unqualified persons should not be admitted to practice in our State, the delegated jurisdiction of these courts is nonetheless limited.
The argument for recognition of the authority of the Appellate Division to deny the application for admission in the present case is made on the basis of a single-sentence dictum in Matter of Harvey (309 NY 46). The outcome in that case turned on whether the applicant for admission in New York had been a resident of the State of Georgia (to whose Bar he had been admitted) during the claimed five years of actual practice there. We upheld the determination of the Appellate Division that the residence requirement was not met where the record disclosed that the applicant had spent at least half of his time in each year working and living in southern States other than Georgia. The opinion of the court ended with the following sentence, on the last clause of which the Attorney-General relies for support for his argument that the Appellate Division had authority to deny the application here on the ground which it did: "Just how much or what kind of 'practice’ such an applicant must show is for the broad, inclusive discretion of the Appellate Divisions, which in the end must determine professional 'fitness’ as well as good character.” (309 NY 46, 48.) Reliance on this over-broad and inaccurate statement is not warranted.
Not only do the provisions and design of the Rules of the Court of Appeals and traditional practice dictate the determination we now make; sound considerations of policy point in the same direction. The individualized aspects of any inquiry *682 into moral character and personal fitness—factors which often involve local perceptions and criteria—permit, even suggest, that both investigation and ultimate determination with respect thereto appropriately be the responsibility of the Appellate Divisions at the departmental levels. The same is not true with respect to educational and legal qualification, which is a requirement separate and distinct from "character and fitness”. With respect to the former, fairness and common sense mandate that there be a single State-wide standard. Any departmental unevenness would be highly inappropriate, if not legally suspect. Indeed, one of the substantial contentions advanced by appellant here, but which we do not reach in view of the broader ground on which we base our disposition of his appeal, is that the absence of any objective standards on which it was found that he was not "possessed of the legal training and ability necessary for admission to the Bar without examination”, operated to deny him the due process of law to which he is constitutionally entitled.
For the reasons discussed the orders of the Appellate Division should be reversed and vacated and appellant’s application for admission to practice remitted to the Appellate Division, Third Department, for further consideration in the light of this opinion.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in Per Curiam opinion.
Orders reversed and vacated, without costs, and appellant’s application for admission to practice remitted to the Appellate Division, Third Department, for further consideration in the light of the opinion herein.

 Admission to the Bar may not be denied because the applicant is not a United States citizen (Matter of Griffiths, 413 US 717).