OPINION OF THE COURT
David B. Saxe, J.
May a motion to admit an out-of-State attorney pro hac vice to appear for a client in a particular litigation pursuant to section 602.2 (a) of the Rules of the Supreme Court, Appellate Division, First Department (22 NYCRR 602.2 [a]), be defeated on the ground that the moving party would not suffer prejudice or hardship if it was required to be represented solely by New York counsel?
Counsel to the plaintiff, 18 International, Ltd., has made an application on behalf of the coplaintiff Arthur Winer, Inc., to have Allen L. Shulman, Esq., admitted pro hac vice to represent Arthur Winer, Inc., in this litigation. The defendants oppose this application.
*67 Section 602.2 (a) provides: “[a]n attorney and counselor at law * * * from another state * * * may be admitted pro hac vice to participate in the trial or argument of a particular cause in which the attorney may be employed, upon application to and in the discretion of the court in which the cause is pending.”
In opposition, the defendant implies that on a motion to admit an out-of-State attorney pro hac vice the movant is required to establish that hardship or prejudice would result if it were obligated to retain New York counsel. I hold, however, that proof of hardship is not a prerequisite to the granting of a motion to be admitted pro hac vice.
Pursuant to section 478 of the Judiciary Law it is “unlawful for kny natural person to practice or appear as an attorney * * * for a person other than himself in a court * * * without having first been duly and regularly licensed and admitted to practice law in the courts of record of this state”. Since the statute requires admission in this State, as opposed to any State, it follows that representation in New York by an attorney, even if admitted and licensed in another State, is under most circumstances, unlawful. The purpose of this prohibition against the practice of law by one who is not a duly licensed New York attorney is to protect citizens against the dangers of legal representation and advice given by those not trained, examined and licensed for such work. (Jemzura v McCue, 45 AD2d 797, app dsmd 37 NY2d 750; Spivak v Sachs, 16 NY2d 163.) This restriction placed on foreign attorneys is not due to a monopolistic desire on the part of the State to keep New York lawyers employed, but rather because the requirements for admission vary in each State in addition to the fact that New York has a greater power to impose sanctions upon its own attorneys who do not keep within the minimum ethical confines New York has established. These factors help ensure that attorneys admitted in New York and practicing law there will practice ethically and with a certain minimum level of expertise.
As an exception, admission to practice law will be permitted on a limited basis, through the device of admission pro hac vice (Rules of Supreme Court, Appellate Division, First Department, 22 NYCRR 602.2) where the court is *68 satisifed that the out-of-State attorney has sufficient training and expertise to represent his clients’ interests and is admitted and practicing law in good standing in another State. In short, when the reasons for proscribing legal practice by those other than New York attorneys are absent, the motion to admit pro hac vice will generally be granted.
Here, the movant has established that Allen L. Shulman is a member in good standing of the Bars of Illinois and New Jersey, and that his field of concentration is litigation of cargo claims — the nature of the underlying dispute of this case. Moreover, Mr. Shulman, through his law firm Conklin & Adler, Ltd., has previously represented the coplaintiff insurer on other related matters and is familiar with the facts and circumstances of this case.
The opposition to this motion has not established that it would be prejudiced if Mr. Shulman were permitted to come into this State to litigate this case. Nor has it established that a grant of pro hac vice admission should be limited solely to the litigation at trial rather than the conducting of pretrial discovery as well. Instead, it has merely alleged in a blanket manner, that the movant must first establish that prejudice would result to it from retention of New York counsel. The element of prejudice is totally unrelated to legal qualifications and the reasons for the enactments of the applicable statutes and rules. (McKinney’s Cons Laws of NY, Book 1, Statutes, § 96.) It therefore should not be considered when deciding an application for admission of an attorney pro hac vice. Since the movant has established the legal qualification, expertise, and good standing of Mr. Shulman, and the opposition has offered no relevant facts to the contrary, the motion to admit Mr. Shulman pro hac vice for the purposes of this litigation is granted.
As to the scope of this grant, it appears that New York does not require out-of-State counsel, admitted pro hac vice, to become associated with in-State counsel for the purposes of the particular litigation for which they have been admitted. This conclusion is based on the fact that New York does not have a statute or court rule expressly requiring nonresident attorneys to employ, or associate *69 with themselves, local counsel, as do other States. (See, generally, Ann., 45 ALR2d 1065.) Thus, it is possible in New York for an out-of-State attorney to become an attorney of record for a case. Nor do I interpret the use of the term “participate” in the Supreme Court rule, 22 NYCRR 602.2 (a), in a restrictive manner so as to connote that an out-of-State attorney must associate with New York counsel. Rather, the word is intended to confer upon the court entertaining the motion wide discretion in determining the scope of the applicant’s admission pro hac vice. (See Robinson v Hunt, 211 La 1019.) Under the circumstances presented, I grant the motion to admit Allen L. Shulman pro hac vice for the purposes of this litigation. However, in the interest of simplicity, since it appears that the two plaintiffs’ interests are not adverse so far as this litigation is concerned, Mr. Shulman’s grant of admission pro hac vice will not be as the attorney of record for Arthur Winer, Inc., but rather it will be as “of counsel” to the law firm of Greenfield, Eisenberg, Stein & Senior, counsel to the plaintiff 18 International, Ltd. If, in the course of litigation, a conflict should arise between the interests of the two plaintiffs, the parties may reapply for a modification of this order.