■ DOROTHY BAKER et al., Plaintiffs, v DONALD WIGHT et al., Defendants and Third-Party Plaintiffs-Respondents. FONTAINE TRUCK EQUIPMENT COMPANY et al., Third-Party Defendants-Appellants. TRACEY WHITE et al., Plaintiffs, v DONALD WIGHT et al., Defendants and Third-Party Plaintiffs-Respondents. FONTAINE TRUCK EQUIPMENT COMPANY et al., Third-Party Defendants-Appellants.—

In the second above action, orders of the same court and Justice, also entered on or about April 3, 1989, which denied motions by the same third-party defendants for the same relief, and instead made the same directions, are unanimously affirmed, without costs. Order of the same court and Justice, also entered on or about April 3, 1989, which denied third-party defendant Fontaine Truck Equipment Company's motion to vacate plaintiffs' note of issue, is unanimously affirmed, without costs.

The motions raised questions of calendar control to be decided by the trial court in the exercise of discretion. We think this discretion was properly exercised to accommodate plaintiffs' legitimate interest in having a prompt trial of the main action, third-party defendants' legitimate interest in having an opportunity to conduct disclosure and prepare for trial of the third-party actions, and defendants and third-party plaintiffs', and also the court's, legitimate interest in having a single trial on the intertwined factual and legal issues raised in the main and third-party actions *(see, Power Test Petroleum Distribs. v Northville Indus. Corp.,* 114 AD2d 405). We have examined appellants' other contentions and find them to be without merit. Concur—Murphy, P. J., Sullivan, Carro, Kassal and Wallach, JJ.