■ MARIE ZIMMERMAN et al., Respondents, v KERNON S. MINGO, Appellant.—In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Kings County (Vinik, J.), dated October 20, 1989, which (1) granted the plaintiffs' motion to strike his affirmative defense of lack of jurisdiction, and (2) denied his cross motion to dismiss the complaint.

Ordered that the order is affirmed, with costs.

The Supreme Court properly concluded that the defendant failed to meet his burden of proving that he had changed his New York domicile after enlisting in the United States Army. It is well settled that, "[a]n existing domicile continues until a new one is acquired, and it is incumbent upon the party seeking to prove a change [in] domicile to establish such a change by clear and convincing evidence" (Matter of Pingpank, 134 AD2d 263, 265; see, Matter of Newcomb, 192 NY 238; Matter of Gadway, 123 AD2d 83; see also, Laufer v Hauge, 140 AD2d 671; Matter of Clute v Chu, 106 AD2d 841). Although the record establishes that the defendant enlisted in the Army and was stationed in Kentucky prior to the commencement of the action, the "general rule in New York and elsewhere is that military service in no way affects a person's domicile * * * in the absence of acts showing an intent to change it" (Furman v General Dynamics Corp., 377 F Supp 37, 45; see, Matter of Brown, 4 AD2d 157, 160; Small v Small, 96 Misc 2d 469, 473; Tickel v Oddo, 66 Misc 2d 386, 388; 49 NY Jur 2d, Domicile and Residence, § 30, at 29; cf., Matter of Altimari v Meisser, 22 AD2d 933, 934, mod on other grounds 15 NY2d 686; 11 Zett-Edmonds-Schwartz, NY Civ Prac ¶ 3.10 [2] [f]). Contrary to the defendant's contentions, none of the additional acts upon which he relies is sufficient to establish, by clear and convincing evidence, that a change of domicile occurred subsequent to his enlistment in the Army. Kooper, J. P., Lawrence, Harwood and Miller, JJ., concur.