■ WILLIAM W. KOEPPEL, Appellant, v SOL M. WACHTLER, as Chief Judge of the Court of Appeals of the State of New York, et al., Defendants, and NEW YORK STATE BOARD OF LAW EXAMINERS, Respondent.—In an action, inter alia, for a judgment declaring the invalidity of 22 NYCRR 520.6 as applied to the plaintiff, the plaintiff appeals from an order of the Supreme Court, Nassau County (Roberto, J.), dated March 28, 1990, which granted a motion of the defendant New York State Board of Law Examiners to dismiss the third cause of action of the plaintiff's complaint pursuant to CPLR 3211 (a) (7).

Ordered that the order is affirmed, with costs.

The plaintiff William Wilke Koeppel, who suffers from the disability of dyslexia, graduated from law school in 1984 but failed to pass the July 1984 New York State Bar Examination. The New York State Board of Law Examiners (hereinafter the Board) accommodated the plaintiff at that time, as authorized by 22 NYCRR 6000.4, by modifying the conditions under which he took the examination. Specifically, the Board allowed the plaintiff nine additional hours in which to complete the examination and further permitted him to circle the answers to the multiple choice questions on the question sheet.

The plaintiff petitioned the Court of Appeals in June 1985 for a waiver of the requirement that he pass a written bar examination, in order to be certified by the Board to the appropriate Appellate Division so that he could practice law in the State. The petition was supported by the affidavit of a medical doctor stating that the plaintiff's disability would prevent him from passing the written bar examination, as it is presently constituted. Nevertheless, after a review of the petition and the supporting documents, the Court of Appeals denied the plaintiff's request.

In October 1986 the plaintiff commenced the instant action against the defendants. Thereafter, the first and second causes of action of the complaint were dismissed as barred by the Statute of Limitations, but the third cause of action was held not to be barred (see, Koeppel v Wachtler, 141 AD2d 613). The plaintiff alleged in the third cause of action that the Board had violated the antidiscrimination provisions of Executive Law § 296 (1) (a) by failing to certify him to practice law in New York. The plaintiff's theory was that the Board had, in essence, barred him from employment as an attorney because of his disability. In the order appealed from, the Supreme Court found that the plaintiff had failed to state a cause of action against the Board and accordingly dismissed that cause of action.

Judiciary Law § 53 (1) and (3) authorize the Court of Appeals to promulgate rules regulating the admission of attorneys to practice law in New York, including the power to provide for a uniform system of examining candidates seeking admission. Pursuant to that authority, the Court of Appeals has promulgated rules which have created, inter alia, a uniform written bar examination (see, 22 NYCRR part 520). In addition, 22 NYCRR 520.12 states that the Court of Appeals

may, in its discretion, waive any provision where strict compliance will cause the applicant undue hardship.

From this, it is clear that only the Court of Appeals is empowered, by statute and court rule, to waive or modify the requirement of a written bar examination for admission to the New York Bar *(see also, Matter of Anonymous,* 78 NY2d 227, 230, 231; *Matter of Shaikh,* 39 NY2d 676). Judiciary Law § 464 authorizes the Board merely to perform the purely ministerial role of certifying to the appropriate Appellate Division the names of those candidates who have successfully passed the written examination. Thus, since the authority to waive the examination requirement in individual cases is reserved to the Court of Appeals and the Board plays no role in that determination, the plaintiff's complaint fails to state a cause of action against the Board. Sullivan, J. P., Harwood, Ritter and Copertino, JJ., concur.