■ DONALD LARGETEAU, Plaintiff, v BOYCE SMITH et al., Defendants, and WHITE RODGERS, a Division of EMERSON ELECTRIC COMPANY, Appellant. (And Three Third-Party Actions.) [603 NYS2d 62] —Crew III, J. Appeal from an order of the Supreme Court (Hughes, J.), entered January 20, 1993 in Schoharie County, which partially granted a motion by defendant White Rodgers for pro hac vice admission of out-of-State counsel.

Plaintiff commenced this personal injury action seeking to recover for injuries sustained when the gas hot water heater he was servicing exploded. The hot water heater, which was manufactured by defendant A.O. Smith Corporation, contained a gas control valve manufactured by defendant White Rodgers (hereinafter defendant). In both this action and a related property damage claim, defendant retained Kingsley, Towne and McLenithan, P. C. of Albany as its local counsel and Cosgrove, Flynn, Gaskins & O'Connor (hereinafter Cos-

grove) as its out-of-State counsel. According to defendant, Cosgrove was retained due to its extensive experience and expertise in preparing and trying gas valve cases.

In December 1992, defendant moved pursuant to 22 NYCRR 805.3 to have two of Cosgrove's partners represent it in all aspects of the litigation, including pretrial depositions.* None of the parties to this action opposed the motion. Supreme Court granted the motion but limited Cosgrove's participation to "the trial of the action". This appeal by defendant followed.

We affirm. Judiciary Law § 53 (1) provides that "[t]he court of appeals may from time to time adopt, amend, or rescind rules not inconsistent with the constitution or statutes of the state, regulating the admission of attorneys and counselors at law, to practice in all the courts of record of the state". To that end, the Court of Appeals has adopted 22 NYCRR 520.9 which provides, in relevant part, that an out-of-State attorney may be admitted pro hac vice "in the discretion of any court of record, *to participate in the trial or argument* of any particular cause in which the attorney may be for the time being employed" (22 NYCRR 520.9 [e] [1] [emphasis supplied]). This Court has adopted a similar rule governing pro hac vice admission, which refers to and incorporates the "trial or argument" language utilized by the Court of Appeals *(see,* 22 NYCRR 805.3 [a]).

Although we are sympathetic to defendant's desire to benefit from the experience and expertise apparently possessed by Cosgrove during the pretrial stage of this rather complex litigation, it is clear that the Court of Appeals is vested with the ultimate responsibility for regulating admission to the practice of law in this State *(see, Matter of Shaikh,* 39 NY2d 676, 679; *see also, Matter of Anonymous,* 78 NY2d 227, 230) and, further, that the court has, in adopting 22 NYCRR 520.9 (e) (1), elected to limit pro hac vice admission to the "trial or argument of any particular cause". To the extent that the decision in *18 Intl. v Interstate Express* (116 Misc 2d 66) suggests that pro hac vice status could be granted to an attorney for the purposes of pretrial discovery, we are of the view that the relevant rules do not permit such activity *(see,*

---

* Prior to Cosgrove's involvement in this litigation, defendant's original out-of-State counsel moved for and was granted pro hac vice admission to the extent that it was allowed to participate in the action from the commencement of jury selection through the rendering of a verdict. According to defendant, this greatly complicated preparing for and conducting the pretrial depositions and resulted in a duplication of effort between the two firms representing it.

22 NYCRR 520.9 [e] [1]; 805.3 [a]). Accordingly, the limitation imposed upon Cosgrove's participation in the underlying litigation was in all respects proper.

Weiss, P. J., Mikoll, Yesawich Jr. and White, JJ., concur. Ordered that the order is affirmed, without costs.