OPINION OF THE COURT
Richard A. Goldberg, J.
In this action to recover for damages for personal injuries allegedly sustained by plaintiff Calvin Bivens while operating a machine manufactured by the American Baler Company (American Baler), all parties stipulated to the admission pro hac vice of American Baler’s out-of-State counsel, Zelle & Larson. Defendant and third-party plaintiff BSE Corporation (BSE) now move to vacate the admission of American Baler’s out-of-State counsel pro hac vice, so as to bar them from representing American Baler for the purposes of pretrial discovery.
Pursuant to its rule-making power regarding the admission of attorneys to practice in New York under the Judiciary Law, the Court of Appeals has promulgated section 520.10 (e) (1) which provides in full: "(e) Admission pro hac vice. An attorney and counselor-at-law or the equivalent from another state, territory, district or foreign country may be admitted pro hac vice: (1) in the discretion of any court of record, to participate in the trial or argument of any particular cause in which the attorney may be for the time being employed[.]” (Rules of Court of Appeals for Admission of Attorneys and Counselors at Law [22 NYCRR] § 520.10 [e] [1].)
BSE asserts that it is legal error to permit the pro hac vice admission of Zelle & Larson to participate in pretrial discovery. BSE relies on Largeteau v Smith (197 AD2d 832 [3d Dept 1993]), which held that the Court of Appeals, which has "ultimate responsibility for regulating admission to the practice of law in this State” has elected by the adoption of 22 NYCRR 520.9 (e) (1) (now 22 NYCRR 520.10 [e] [1]) to limit pro hac vice admission to the trial or argument of any particular cause. (Supra, at 833.) American Baler relies on Johnson v Mesch Eng’g (212 AD2d 970 [4th Dept 1995]), which expressly declined to follow Largeteau, holding that the relevant rule "should be read to encompass admission for matters of trial preparation, including pretrial discovery.” (Supra.) Neither the Second Department nor the First Department have spoken to this issue. (A *200 Supreme Court, First Department case, 18 Intl. v Interstate Express, 116 Misc 2d. 66 [Sup Ct, NY County 1982], although not addressing the issue directly, implies that pro hac vice admission may be granted for attorneys to participate in pretrial discovery.)
Interpreting the same rule, the Third and Fourth Departments have arrived at opposite results regarding the pro hac vice admission of attorneys. It appears to this court that the Fourth Department has the better view, permitting as it does a litigant to retain counsel of its choice (see, e.g., S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., 69 NY2d 437 [1987]), especially in cases such as this where out-of-State counsel has a long-standing relationship with its corporate client and specializes in complex litigation including product liability work. Further, while the rule may be inartfully drafted, referring as it does, only to pro hac vice admission for trial or argument, there is no aspect of the litigation process which the statute has expressly excluded. On the contrary, argument is often required in defining the parameters of pretrial discovery and pretrial discovery has become an almost indispensable predicate for trial practice. Pro hac vice admission, in furtherance of New York’s policy favoring representation by counsel of one’s own choosing, should not be determined by semantic niceties.
Ordered, that defendant BSE’s motion to vacate the pro hac vice admission of Zelle & Larsen is hereby denied.