■ VERONICA M. NEAL, Respondent, v ECOLAB, INC., Appellant. [675 NYS2d 433] —Carpinello, J. Appeal from an order of the Supreme Court (Bradley, J.), entered November 19, 1997 in Ulster County, which denied defendant's motion to admit pro hac vice two out-of-State attorneys.

After she allegedly sustained personal injuries while using a cleaning fluid manufactured by defendant, plaintiff commenced this action alleging causes of action sounding in negligence, strict products liability and breach of warranty. Issue was joined and over two years of discovery ensued with defendant being represented by two attorneys from a local law firm. Two weeks before trial was scheduled to commence, defense counsel moved for the pro hac vice admission of two additional attorneys who were associated with a Minnesota law firm that served as national counsel for defendant. In support of the motion, defendant submitted the affirmations of the out-of-State counsel in which they averred that they were attorneys in good standing in Minnesota, intended to adhere to the rules governing the conduct of attorneys in this State, were familiar with the issues involved in this case and had previously represented defendant in connection with similar products liability matters. Plaintiff opposed the motion, alleging that judicial inefficiency and prejudice would result if defendant's belated request was granted. Supreme Court denied the motion and defendant appeals.

Although Supreme Court did not set forth the reasons for its decision, we can assume from this record that the court exercised its discretion to deny the motion in the interest of retaining calendar and courtroom control. Pursuant to 22 NYCRR 520.11 (a) (1), whether an out-of-State attorney should be admitted pro hac vice to participate in a particular matter is a determination best left to Supreme Court's discretion. While pro hac vice admission furthers this State's "policy favoring representation by counsel of one's own choosing" (*Bivens v American Baler Co.*, 166 Misc 2d 198, 200), that policy must be balanced against the interest in promoting judicial efficiency and a trial court's considerable authority to control its courtroom and calendar (*see generally, Campbell v Rogers & Wells*, 218 AD2d 576, 579; *Baker v Wight*, 158 AD2d 293). Here, the motion for pro hac vice admission of the two attorneys for purposes of trial was filed approximately 2½ years after the action was commenced and only two weeks prior to trial. This delay, coupled with the failure to clarify the role that each of the four attorneys would assume at trial, supports the conclusion that admitting the two additional attorneys would have a

disruptive effect on the trial. Under these circumstances, we perceive no reason in the record to disturb Supreme Court's decision.

Cardona, P. J., Mikoll, White and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.