■ HUGO GIANNOTTI, Appellant, v MERCEDES BENZ U.S.A., LLC, Respondent, et al., Defendants. [798 NYS2d 141]—

In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Burke, J.), dated August 31, 2004, which denied the motion of his attorney-of-record for the admission pro hac vice of two individual California attorneys to appear on his behalf as co-counsel in this action.

Ordered that the order is reversed, on the law and as a matter of discretion, with costs, and the motion is granted.

Prior to commencing this action, the plaintiff contacted his attorney-of-record in New York (hereinafter the New York attorney) concerning a possible claim for personal injuries allegedly sustained due to a defect in the heater core of his automobile, a 1984 Mercedes Benz. The plaintiff subsequently was contacted by an attorney from California, who was familiar with such claims having represented others in similar litigations, and who ascertained the plaintiff's identity through discovery in a California litigation. The plaintiff advised the California attorney that he had counsel in New York and forwarded the California attorney's contact information to the New York attorney. The plaintiff's New York attorney called the California attorney, after which, they decided, with the plaintiff's consent, to pursue the claim together.

In 2003 the plaintiff commenced this action asserting causes of action sounding in negligence, breach of warranty, and strict products liability. An amended complaint was filed March 16, 2004, which was signed by the New York attorney and the California attorney. An answer was interposed by the defendant Mercedes Benz U.S.A., LLC, on or about May 3, 2004. In June 2004, the plaintiff's New York attorney moved to admit pro hac vice two California attorneys to appear on the plaintiff's behalf as co-counsel in this action.

The Supreme Court improvidently exercised its discretion in denying the plaintiff's motion. The policy of this state is to give recognition to "a party's entitlement to be represented in ongoing litigation by counsel of its choosing" (*Zutler v Drivershield Corp.*, 15 AD3d 397 [2005]; *see Neal v Ecolab, Inc.*, 252 AD2d 716 [1998]). This case is distinguishable from *Neal v Ecolab* (*supra*), where the motion for pro hac vice admission was filed only two weeks prior to trial and the trial court's calendar control was a consideration bearing on the result. Here, the motion was made promptly after the amended pleadings were filed

and there was no discernable adverse impact upon considerations of "judicial efficiency" or the court's management of its "courtroom and calendar" (*supra*).

The respondent incorrectly contends that the initial contact of the plaintiff by one of the California attorneys was improper. While there is no dispute that the California attorney initially called the plaintiff, there was no indication that such communication involved improper solicitation in violation of Code of Professional Responsibility DR 2-103 (a) (1) (22 NYCRR 1200.8 [a] [1]). Florio, J.P., Krausman, Spolzino and Lifson, JJ., concur.