■ J.G. WENTWORTH S.S.C. LIMITED PARTNERSHIP et al., Plaintiffs, v GREGORY V. SERIO, Defendant. FL ASSIGNMENTS CORP., Intervenor-Appellant. [823 NYS2d 439]—

In an action to determine the rights and obligations with respect to certain "structured settlement" annuities, the intervenor-appellant appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Martin, J.), dated February 2, 2005, as, sua sponte, revoked the admission pro hac vice of its primary counsel, Kenneth J. Nachbar, a Delaware attorney.

Ordered that the notice of appeal from so much of the order as, sua sponte, revoked the admission pro hac vice of Kenneth J. Nachbar is deemed an application for leave to appeal from that portion of the order, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and the admission pro hac vice of Kenneth J. Nachbar is reinstated.

"The policy of this state is to give recognition to 'a party's entitlement to be represented in ongoing litigation by counsel of

its choosing' " (*Giannotti v Mercedes Benz U.S.A., LLC,* 20 AD3d 389, 390 [2005], quoting *Zutler v Drivershield Corp.,* 15 AD3d 397 [2005]). Having previously granted admission pro hac vice to the intervenor-appellant's Delaware attorney, the Supreme Court abused its discretion in revoking that admission without a scintilla of support in the record for the revocation. Florio, J.P., Krausman, Luciano and Skelos, JJ., concur.