In the Matter of CANTOR FITZGERALD & Co., Respondent, v ANDREW PRITCHARD, Appellant. [967 NYS2d 336]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered October 12, 2012, which, upon reargument, granted so much of petitioner's petition to vacate a Financial Industry Regulatory Authority (FINRA) arbitration panel award as sought to vacate the award of attorneys' fees to respondent in the amount of $326,402.32 and, sua sponte, revoked the pro hac vice status of respondent's counsel, Brendan J. O'Rourke, unanimously reversed, on the law, with costs, the petition denied, the award of attorneys' fees confirmed, and the pro hac vice status of counsel reinstated. Appeal from amended order, same court and Justice, entered April 11, 2012, unanimously dismissed, with costs, as superseded by the appeal from the order entered October 12, 2012.

The record is devoid of any evidence that Mr. O'Rourke misrepresented any facts to the motion court. Therefore, the court abused its discretion in, sua sponte, revoking his pro hac vice status (*see J.G. Wentworth S.S.C. Ltd. Partnership v Serio*, 33 AD3d 761, 761-762 [2d Dept 2006]; *see also Perkins v Elbilia*, 90 AD3d 543, 544 [1st Dept 2011]).

The court also abused its discretion in vacating the arbitration panel's award of attorneys' fees to respondent. Although the contract between the parties contained a unilateral fee provision that might normally have precluded the panel from considering the issue (*see Matter of UBS Warburg [Auerbach, Pollack & Richardson]*, 294 AD2d 245, 246 [1st Dept 2002], *lv dismissed* 98 NY2d 728 [2002], *lv denied* 100 NY2d 504 [2003]), here, by both word and action, petitioner acquiesced to the panel's consideration of the issue (*see Matter of Goldberg v Thelen Reid Brown Raysman & Steiner LLP*, 52 AD3d 392, 392-393 [1st Dept 2008], *lv denied* 11 NY3d 749 [2008]; *see also Matter of Peckerman v D & D Assoc.*, 165 AD2d 289, 296 [1st Dept 1991]). Specifically, in the arbitration, respondent's statement of claim included a request for attorneys' fees. Petitioner also requested attorneys' fees in its answer, amended answer, pre-hearing brief and opening statement but did not object to respondent's request or point to the employment agreement limitation. During closing argument and in its post-hearing brief, petitioner did not question the panel's jurisdiction to award attorneys' fees, although it alluded to the agreement. Accordingly, petitioner was bound by the panel's interpretation of the provision, no matter how faulty, so long as it was not "completely irrational" (*Transparent Value, L.L.C. v Johnson*,

93 AD3d 599, 601 [1st Dept 2012] [internal quotation marks omitted]).

Here, the panel's interpretation was not "completely irrational" (*id.*). Indeed, the relevant provision does not state that fees could only be awarded to petitioner; rather, it states only that, in the event petitioner prevails, respondent "shall pay" such fees. Further, as already stated above, petitioner agreed that the panel could determine the issue. The panel interpreted the meaning of the provision in accordance with the governing rules issued by FINRA, which allows for an award of attorneys' fees and based its award "pursuant to the parties' joint request made orally at the hearing and in their post-hearing submission briefs." Concur—Mazzarelli, J.P., Sweeny, Moskowitz, Manzanet-Daniels and Gische, JJ.