■ DAWN BORTMAN, Respondent, v HENRY LUCANDER, Appellant. [51 NYS3d 401]—

Order, Supreme Court, New York County (Alice Schlesinger, J.), entered June 4, 2014, which granted the petition to confirm a Financial Industry Regulatory Authority (FINRA) arbitration award, unanimously affirmed, with costs.

An arbitral award can only be challenged under the criteria set forth in CPLR 7511 (*see Ingham v Thompson*, 113 AD3d 534 [1st Dept 2014], *lv denied* 22 NY3d 866 [2014]). Respondent's procedural arguments that there was an agreement to arbitrate in New York and that the panel should have adjourned the hearing are not recognized grounds to bar confirmation (*id.*; CPLR 7510). In any event, they were waived by his participation in the arbitration, through his answer, selection of arbitrators, two motions to remove arbitrators, and two motions to dismiss (*see Matter of Meisels v Uhr*, 79 NY2d 526, 538 [1992]).

Although an agreement can supersede FINRA's arbitration rules (*see Goldman, Sachs & Co. v Golden Empire Schs. Fin. Auth.*, 764 F3d 210, 215 [2d Cir 2014]), the alleged agreement here was never placed into the record, and even accepting

respondent's characterization, it still provided for arbitration, albeit in New York rather than Florida.

Similarly, respondent's argument with regard to the failure to adjourn is unavailing. Not only is it not a ground under CPLR 7511, but even under the Federal Arbitration Act, refusal to adjourn where a party has full notice and provides no excuse for not attending is not misconduct (*see* 9 USC § 10 [a] [3]; *ARW Exploration Corp. v Aguirre*, 45 F3d 1455, 1464 [10th Cir 1995]).

Respondent's arguments of arbitrator bias are cognizable; however, he failed to substantiate them. His allegations that one arbitrator was biased because he was once bankrupt, and another because he had once represented a claimant at a FINRA arbitration, are insufficient (*see generally Matter of CPG Constr. & Dev. Corp. v 415 Greenwich Fee Owner, LLC*, 117 AD3d 623 [1st Dept 2014]).

Finally, we decline to consider respondent's argument based on standing, which is predicated on documents and factual allegations never presented to the FINRA arbitration panel, as a basis to deny confirmation. Concur—Sweeny, J.P., Gische, Kahn and Gesmer, JJ.