Matter of R.F. Lafferty & Co., Inc. v Winter (2018 NY Slip Op 03489)





Matter of R.F. Lafferty & Co., Inc. v Winter


2018 NY Slip Op 03489


Decided on May 15, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 15, 2018

Richter, J.P., Andrias, Webber, Gesmer, Moulton, JJ.


655013/16 6569 6568

[*1]In re R.F. Lafferty & Co., Inc., Petitioner-Respondent,
v
Antonia Winter, Respondent-Appellant.


Antony Hilton, New York, for appellant.
Richard L. Herzfeld, P.C., New York (Richard L. Herzfeld of counsel), for respondent.



Order and judgment (one paper), Supreme Court, New York County (Manual J. Mendez, J.), entered April 11, 2017, confirming an arbitration award, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered September 6, 2017, which, to the extent appealable, denied respondent's motion for renewal, unanimously dismissed, without costs, as abandoned.
Respondent argues that the article 75 court erred in confirming the arbitration award because the award conflicted with a default judgment she had obtained against petitioner in a replevin action in Civil Court. The default judgment directed petitioner to turn over a certificate reflecting respondent's ownership of shares in Bancorp International Group Inc. (BCIT). The arbitration award directed petitioner to make good faith efforts to cause a certificate of respondent's shares in BCIT to be issued in the event that the Depository Trust Company (DTC) lifted the global lock on the issuance of physical certificates for BCIT shares that it had imposed before respondent purchased the shares. Thus, the default judgment and the arbitration award do not conflict; they reflect the parties' circumstances. After respondent realized that petitioner did not possess the certificate - the BCIT shares being held by DTC - she commenced arbitration to compel petitioner to obtain the certificate for her. Contrary to respondent's contention, in view of the global lock on the issuance of BCIT certificates, the arbitration award directing petitioner to make good faith efforts to have the certificate issued in the event the global lock is lifted is not arbitrary and capricious. Respondent has not shown that the award should be vacated upon any of the grounds for vacatur set forth in CPLR 7511.
Respondent also argues that the arbitration award should be vacated based on the doctrines of comity and res judicata. However, she waived these arguments by commencing the arbitration proceeding (see e.g. Bortman v Lucander, 150 AD3d 417 [1st Dept 2017]).
Respondent argues that the award of attorneys' fees to petitioner exceeded the arbitrator's power because the arbitration agreement did not expressly provide for attorneys' fees (see CPLR 7513; Kidder, Peabody & Co. v McArtor, 223 AD2d 502, 503 [1st Dept 1996]). However, both parties demanded attorneys' fees, and "mutual demands for counsel fees in an arbitration proceeding constitute, in effect, an agreement to submit the issue to arbitration, with the resultant award being valid and enforceable" (Matter of Goldberg v Thelen Reid Brown Raysman & Steiner LLP, 52 AD3d 392, 392-393 [1st Dept 2008], lv denied 11 NY3d 749 [2008]; see also [*2]Matter of Cantor Fitzgerald & Co. v Pritchard, 107 AD3d 476 [1st Dept 2013]).
We have considered respondent's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 15, 2018
CLERK