White Rock Ins. Co. PCC Ltd. v Lloyd's Syndicate 4242 (2022 NY Slip Op 00993)





White Rock Ins. Co. PCC Ltd. v Lloyd's Syndicate 4242


2022 NY Slip Op 00993


Decided on February 15, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 15, 2022

Before: Kern, J.P., Oing, Singh, Moulton, González, JJ. 


Index No. 652867/20 Appeal No. 15309-15309A Case No. 2021-02362, 2021-03222 

[*1]White Rock Insurance Company PCC Limited, in Respect of Cells SWR1 012, SWR2 012, Plaintiff-Appellant,
v
Lloyd's Syndicate 4242, Defendant-Respondent.


Willkie Farr & Gallagher LLP, New York (Richard Mancino of counsel), for appellant.
Norton Rose Fulbright US LLP, New York (John F. Finnegan of counsel), for respondent.



Judgment, Supreme Court, New York County (Andrew Borrok, J.), entered August 10, 2021, dismissing the complaint, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered May 18, 2021, which, insofar appealed from, granted defendant's motion to dismiss the complaint, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
In 2017, plaintiff, as reinsurer, and defendant, as reinsured, entered into a reinsurance contract under which plaintiff agreed to provide reinsurance to defendant for one year. At the same time, the parties entered into a trust agreement governing a trust account; the trust account secured plaintiff's obligations as part of the reinsurance program. The reinsurance contract had an arbitration provision for disputes "arising under or in connection with" that contract. The trust agreement did not; rather, the trust agreement selected New York courts as a forum for dispute resolution.
After defendant's loss reserves increased, a dispute arose regarding plaintiff's liability under the reinsurance contract. Defendant demanded that plaintiff was required to return previously released collateral to the trust account. Plaintiff refused, and defendant commenced an arbitration, asserting that plaintiff's obligations under the reinsurance contract exceeded the collateral in the account. One issue in the arbitration was whether plaintiff had to redeposit the collateral into the trust account; second, whether plaintiff remained liable for all losses and expenses under the reinsurance contract, irrespective of whether there was collateral remaining in the trust account. Plaintiff argued in the arbitration that its liability under the reinsurance contract was limited to the amount it had deposited into the trust account. Plaintiff also argued that a "no further action" clause in the trust agreement prohibited any attempt to recover a larger sum. Defendant countered that the no further action clause did not bar its action, which was brought under the reinsurance contract rather than the trust agreement. The panel made an award under the reinsurance contract, finding that plaintiff was not obliged under the reinsurance contract to deposit additional collateral into the trust account but was responsible for paying losses in excess of the amount in that account, up to a limit stated in the reinsurance contract.
After the arbitration award was issued, defendant sought to collect the balance of the award. When plaintiff declined to pay, defendant began court proceedings in Guernsey. Plaintiff then commenced this action, seeking a judgment declaring that two provisions in the trust agreement extinguished its liability to defendant under the reinsurance contract. Supreme Court granted defendant's motion to dismiss, finding the suit precluded by the prior arbitration. Plaintiff appeals.
Plaintiff contends that we must accept the complaint's allegations as true, because defendant waived its right [*2]to move under CPLR 3211(a)(1). This contention is unavailing. Even though defendant waived the right to make a CPLR 3211(a)(1) motion (see M & E 73-75 LLC v 57 Fusion LLC, 189 AD3d 1, 6 [1st Dept 2020], lv dismissed 36 NY3d 1086 [2021]), we may nevertheless consider documentary evidence on a CPLR 3211(a)(7) motion (see Basis Yield Alpha Fund [Master] v Goldman Sachs Group, Inc., 115 AD3d 128, 133-135 & n 4 [1st Dept 2014]).
Plaintiff fares no better with its contentions that this lawsuit is not barred by res judicata and collateral estoppel (see John Grace & Co. v Tunstead, Schechter & Torre, 186 AD2d 15, 19 [1st Dept 1992]). That the trust agreement does not contain an arbitration clause does not mandate a different result, as the reinsurance contract provides that "[a]ll disputes and differences arising under or inconnection with this Contract shall be referred to arbitration." When faced with a broad arbitration clause, "a court merely determines whether there is 'a reasonable relationship between the subject matter of the dispute and the general subject matter of the underlying contract'" (Matter of Domansky v Little, 2 AD3d 132, 133 [1st Dept 2003], quoting Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co. of Am., 37 NY2d 91, 96 [1975]). Here, there is a reasonable relationship between the reinsurance contract and White Rock's argument that its liability under that contract is limited to the amount in the trust account.
Plaintiff's arguments that the arbitration panel did not and could not rule on plaintiff's claim under the trust agreement in a dispute arising out of the reinsurance contract, and that defendant's attempt to collect a debt is a distinct issue from those addressed at arbitration, are unavailing. Although the arbitration was commenced under the terms of the reinsurance contract, plaintiff's conduct during the arbitration made clear that it acquiesced to the panel's consideration of the trust agreement, as it submitted evidence regarding the trust agreement and argued that the contracts at issue, as well as the parties' commercial relationship, included the trust agreement (see Matter of Cantor Fitzgerald & Co. v Pritchard, 107 AD3d 476, 477 [1st Dept 2013]; see also Matter of Cine-Source, Inc. v Burrows, 180 AD2d 592, 594 [1st Dept 1992]). Indeed, plaintiff raised the provisions of the trust agreement as a defense to liability under the reinsurance contract. Likewise, the panel's decision makes clear that the arbitrators considered the trust agreement, deciding that the agreement did not limit plaintiff's liability under the reinsurance contract to the amount in the trust account (see Ryan v New York Tel. Co., 62 NY2d 494, 501, 502 [1984]). Thus, despite plaintiff's contentions otherwise, the claims in the arbitration are part of the same transaction as the claims in this action (see Matter of Reilly v Reid, 45 NY2d 24, 28 [1978]; John Grace & Co., 186 AD2d at 19-20; compare Xiao Yang Chen v Fischer, 6 NY3d 94, 101 [2005[*3]] [personal injury tort action and a divorce action did not arise from the same transaction for res judicata purposes because they did not "constitute a convenient trial unit"]).
There is also no merit to plaintiff's position that defendant is judicially estopped from asserting that the arbitration bars this action. Plaintiff claims that defendant argued at arbitration that the trust agreement was not at issue. Defendant has demonstrated that, although it did not seek relief under the trust agreement at arbitration, it never argued that the trust agreement was not relevant or that the panel lacked authority to rule on the trust agreement. Defendant is not judicially estopped from arguing that the arbitration bars this action, as there is no "true inconsistency" between defendant's prior and current positions (Bergman v Indemnity Ins. Co. of N. Am., 275 AD2d 675, 676 [1st Dept 2000]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 15, 2022