■ In the Matter of the Arbitration between STEWART TABORI & CHANG, INC., et al., Appellants-Respondents, and ANDREW STEWART, Respondent-Appellant, et al., Respondents. [723 NYS2d 492] —Judgment, Supreme Court, New York County (Barbara Kapnick, J.), entered April 11, 2000, which confirmed an arbitration award in favor of respondent Andrew Stewart and against petitioners, except to the extent such award granted Stewart recovery of the attorney's fees and disbursements he incurred in the arbitration, and granted Stewart recovery in the amount of the award as so reduced, with prejudgment interest, pursuant to three orders, same court and Justice, each entered March 14, 2000, which, respectively, denied as moot petitioners' initial preaward application to stay the arbitration, granted in part and denied in part Stewart's motion to confirm, and petitioners' cross motion to vacate, the award rendered in such arbitration, and denied petitioners' subsequent motion to dismiss Stewart's confirmation motion on jurisdictional grounds, unanimously affirmed, without costs. Appeals and cross appeal from the aforesaid orders, unanimously dismissed, without costs, as subsumed in the appeal and cross appeal from the judgment.

The motion court correctly confirmed the arbitration award in this commercial dispute, except to the extent the award gave respondent Stewart, the prevailing party, attorney's fees and disbursements. The fact that the attorney who made the closing argument on behalf of Stewart was a director of the American Arbitration Association, under whose auspices the arbitration was conducted, even if known to the arbitrators, would not have created reasonable cause to doubt the arbitrators' impartiality, or otherwise have afforded grounds to vacate the award, since, *inter alia*, it is undisputed that the attorney had no prior connection to any of the arbitrators and had no

involvement in determining whether the arbitrators would receive future assignments (see, 9 USC § 10 [a]; *Morelite Constr. Corp. v New York City Dist. Council Carpenters Benefit Funds*, 748 F2d 79, 84). Nor was the award of damages for lost profits made in "manifest disregard" of applicable law (see, *Folkways Music Publs. v Weiss*, 989 F2d 108, 111-112). The award of attorney's fees and disbursements, however, was not authorized by the parties' agreement (cf., *Matter of RAS Sec. Corp. [Williams]*, 251 AD2d 98) or by any statute or court rule, contrary to New York law (see, *Matter of A. G. Ship Maintenance Corp. v Lezak*, 69 NY2d 1, 5), which the parties had expressly chosen to govern their agreement. That aspect of the award was therefore correctly vacated as made by the arbitrators, all attorneys, in manifest disregard of well-defined, explicit and clearly applicable New York law (see, *Asturiana de Zinc Mktg. v LaSalle Rolling Mills*, 20 F Supp 2d 670, 674-675). We further note that petitioners, who, prior to the rendering of the award, withdrew any claim to recover their own attorney's fees and objected to the submission of Stewart's claim for such relief, did not acquiesce in the arbitrators' consideration of that claim.

Finally, the motion court had jurisdiction under CPLR former 7502 (a), prior to its recent amendment (L 2000, ch 226, § 1), to entertain Stewart's motion to confirm the award, without his commencing a new proceeding. At the time Stewart moved to confirm, no prior order or judgment had been entered disposing of petitioners' initial preaward application to stay the arbitration, which the court had held in abeyance, and the proceeding therefore had not ceased to be pending (cf., *Matter of Solkav Solartechnik [Besicorp Group]*, 91 NY2d 482). Concur—Rosenberger, J. P., Nardelli, Andrias and Saxe, JJ.