■ EMERY ROTH & SONS, P.C., Appellant, v M&B OXFORD 41, INC., Respondent. [750 NYS2d 10] —Judgment, Supreme Court, New York County (Barbara Kapnick, J.), entered September 19, 2001, in favor of respondent premises owner and against petitioner architect in the amount of $128,500, plus interest, unanimously modified, on the law and the facts, to award $107,009.33 in favor of the owner and against the architect, plus interest, and otherwise affirmed, without costs. Appeal from order (denominated decision and judgment), same court and Justice, also entered September 19, 2001, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

The owner brought the proceeding to confirm so much of an arbitration award as awarded it $128,500 for the architect's negligent design and supervision of the renovation, and to vacate so much of the award as awarded the architect $80,000 for its "additional costs" in defending a "frivolous" theory of liability that the owner abandoned during the arbitration proceeding. The IAS court confirmed the $128,500 award in favor of the owner, and, insofar as pertinent to this appeal, vacated the $80,000 offset in favor of the architect, and did not address a further offset of $21,490.67 representing arbitration fees and arbitrator compensation paid by the architect over and above its share.

In vacating the $80,000 award for additional costs in favor of the architect, the IAS court did not engage in unwarranted judicial second-guessing by characterizing such costs, which the arbitrators did not break down, as being "in essence, legal fees and expert witness fees." The only support for the additional costs was the affidavit submitted by the architect's attorney to the arbitrators in support of a motion to require the owner to file an undertaking to secure payment of some $275,000 in additional costs, of which some $254,000 consisted of additional legal and expert witness fees and the remainder of transcription fees. Thus, there is much more than a "mere possibility" that the award for additional costs consisted of legal and expert witness fees beyond the arbitrators' power to award (*compare Matter of Tilbury Fabrics v Stillwater, Inc.*, 56 NY2d 624, 627). Legal fees could not be awarded absent provision therefor in a statute or the agreement to arbitrate (CPLR 7513; *see Matter of Stewart Tabori & Chang [Stewart]*, 282 AD2d 385, *lv denied* 96 NY2d 718; *Myron Assoc. v Obstfeld*, 224 AD2d 504), or a request therefor in the arbitration by the parties (Commercial Arbitration Rules of American Arbitration Association rule R-45 [d]). Witness fees could not be awarded in view of the arbitral forum's rule that the parties were to bear the expense of producing their own witnesses (Construction Industry Arbitration Rules of American Arbitration Association rule R-53). We reject the architect's argument that 22 NYCRR part 130, authorizing awards of costs and sanctions for frivolous conduct "in any civil action or proceeding before the court," (22 NYCRR 130-1.1 [a]) provided the arbitrators with a statutory basis for the award.

However, the judgment should be resettled so as to provide for the $21,490.67 in reimbursements awarded the architect as an offset against the owner's $128,500 award. The owner did not seek to vacate this offset, and the IAS court's order, while

vacating the award of additional costs to the owner, "otherwise confirmed" the award. Concur—Williams, P.J., Rosenberger, Rubin, Friedman and Gonzalez, JJ.