■ In the Matter of the Arbitration between WEST SIDE LOFTS, LTD., Respondent, and SENTRY CONTRACTING, INC., Appellant. [751 NYS2d 475] —Order and judgment (one paper), Supreme Court, New York County (Paula Omansky, J.), entered November 15, 2001, confirming an arbitration award in favor of petitioner building owner and against respondent waterproofing contractor for $86,863 plus preaward interest from April 9, 1998, and order and judgment (one paper), same court and Justice, entered April 30, 2002, as modified by stipulation dated May 29, 2002, awarding petitioner an additional $16,250, representing arbitration costs that were awarded in the arbitration award but not included in the first judgment, unanimously affirmed, without costs.

Assuming that any award of punitive damages would have been improper, the mere possibility that such damages were included in the arbitrator's award does not warrant disturbing the award (*see Matter of Tilbury Fabrics v Stillwater, Inc.*, 56 NY2d 624, 627; *compare Roth & Sons v M&B Oxford 41*, 298 AD2d 320). Nor should the award be vacated even if, as respondent speculates, the arbitrator considered documents and affidavits that petitioner submitted after the hearing testimony concluded, over respondent's objection. Arbitrator discretion in procedural matters should not be restricted absent a compelling reason for departing from the strong policy against judicial interference in arbitration proceedings (*see Avon Prods. v Solow*, 150 AD2d 236, 239-240; *Matter of Herskovitz [Kaye Assoc.]*, 170 AD2d 272). Similarly, given a broad arbitration clause (*compare Matter of Excelsior 57th Corp. [Kern]*, 283 AD2d 209) and the absence of a contractual provision specifically prohibiting preaward interest (*compare Matter of Yates Lansing [Town of Niskayuna]*, 202 AD2d 916, *lv denied* 83 NY2d 758), the award of preaward interest cannot be successfully challenged as beyond the arbitrator's power simply because the parties' contract contains no provision therefor and petitioner made no such demand in the arbitration (*cf. Matter of Silverman [Benmor Coats]*, 61 NY2d 299, 308). As there is no dispute that

petitioner was awarded $16,250 for arbitration costs, the second judgment should be deemed merely a resettlement of the first, and no reason appears why such resettlement was improper or inappropriate based on this record.

We have considered respondent's other arguments and find them unavailing. Concur—Tom, J.P., Buckley, Friedman, Marlow and Gonzalez, JJ.