■ In the Matter of MORRIS E. MATZA, Respondent, v OSHMAN, HELFENSTEIN & MATZA et al., Appellants. [823 NYS2d 47]—

Judgment, Supreme Court, New York County (Rolando T. Acosta, J.), entered August 4, 2005, awarding petitioner the sum of $51,014.40, based on orders, same court and Justice, both entered August 2, 2005, which granted petitioner's motion to confirm an arbitration award and adhered to that decision on reargument, unanimously modified, on the law and the facts, to the extent of vacating that portion of the judgment awarding petitioner $34,640.39 in attorneys' fees, and otherwise affirmed, without costs. Appeals from the aforesaid orders unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Respondents failed to set forth cognizable grounds for vacatur of the award of petitioner's share of law firm fees and reimbursement of unincorporated business tax (*see* CPLR 7511 [b] [1]; *Matter of Silverman [Benmor Coats]*, 61 NY2d 299, 308 [1984]; *Matter of Campbell v New York City Tr. Auth.*, 32 AD3d 350 [2006]).

However, attorneys' fees may not be awarded in arbitration absent provision therefor in a statute or the agreement to arbitrate, or if requested by the parties during the arbitration process (*Emery Roth & Sons v M&B Oxford 41*, 298 AD2d 320, 321 [2002], *lv denied* 99 NY2d 509 [2003]). Here, only the third alternative is implicated, which requires a request for such fees by all parties. It was purely speculative for the court, in its initial order, to rely on the fact that the arbitrator had addressed the issue of attorneys' fees in concluding that all parties had requested them.

Upon reargument, the court's reliance on our decision in *Matter of Warner Bros. Records (PPX Enters.)* (7 AD3d 330 [2004]) was misplaced, in that both sides in that case had affirmatively requested attorneys' fees. In *Matter of Stewart Tabori & Chang (Stewart)* (282 AD2d 385 [2001], *lv denied* 96 NY2d 718 [2001]), both sides' arbitration pleadings contained boilerplate requests for attorneys' fees, but one side never reiterated that request during the arbitration, objected to any such award during its closing argument, and informed the panel it was not seeking such fees because the panel lacked authority to award them. The instant situation presents a middle ground, in that, after making their boilerplate request, respondents never stated affirmatively that they were not seeking attorneys' fees, and there is no record evidence, particularly in the absence of the hearing transcript, that they declared they were. Uncontradicted,

however, is the assertion by respondents' attorney that—the initial request notwithstanding—he never pursued attorneys' fees.

Under the circumstances, and in light of the requirement for an "unmistakably clear" expression of a party's intention to waive the rule that parties are responsible for their own attorneys' fees (*see Hooper Assoc. v AGS Computers*, 74 NY2d 487, 492 [1989]), as well as the rule that attorneys' fees are unavailable in arbitration save under limited circumstances (*see Emery Roth & Sons v M&B Oxford 41*, 298 AD2d 320 [2002], *supra*), the attorney fee award here was unauthorized.

In view of the foregoing, it is unnecessary to address the parties' other contentions. Concur—Buckley, P.J., Tom, Saxe, Sullivan and McGuire, JJ.