BENEDICT P. MORELLI & ASSOCIATES, P.C., Now Known as MORELLI RATNER, P.C., Appellant, v SYBIL SHAINWALD et al., Respondents. [854 NYS2d 133]—

The record does not support appellant's contention that the arbitrators' allocation of arbitration fees, appointment of an accountant at appellant's expense and denial of appellant's claim for disbursements were punitive. Such claim is speculative in this case. Assuming that a "punitive" award would have been improper, the "mere possibility" that the award was punitive is not a basis for disturbing it (see *Matter of West Side Lofts [Sentry Contr.]*, 300 AD2d 130, 130 [2002]). Indeed, an award should be vacated on this ground "only where the damages are genuinely intended to be punitive" (*Board of Educ. of Cent. School Dist. No. 1 of Towns of Niagara, Wheatfield, Lewiston & Cambria v Niagara-Wheatfield Teachers Assn.*, 46 NY2d 553, 558 [1979]).

Appellant's claim that the inclusion in the award of cost allocations was outside the scope of the arbitrators' authority is unpreserved, and we decline to review it. Were we to consider this claim, we would find it without merit. The arbitrators' issuance of their decision in two parts was well within their discretion, as was their decision to apportion the arbitration fees, expenses, and compensation between the parties as they found appropriate. Arbitrators are free to shape a remedy with

unrestrained flexibility in order to achieve a just result (*Matter of Board of Educ. of Norwood-Norfolk Cent. School Dist. [Hess]*, 49 NY2d 145, 152 [1979]). Moreover, the Commercial Arbitration Rules of the American Arbitration Association, which apply herein, permit the arbitrator to make interim rulings and awards in addition to a final award (R-43 [b]) and to apportion fees, expenses, and compensation among the parties in amounts deemed appropriate (R-43 [c]).

We have considered the parties' remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Saxe, Buckley and Catterson, JJ.