In the Matter of LEE A. GOLDBERG, Respondent, v THELEN REID BROWN RAYSMAN & STEINER LLP et al., Appellants. [860 NYS2d 93]—

Order and judgment (one paper), Supreme Court, New York County (Bernard J. Fried, J.), entered October 17, 2007, which granted the petition to confirm an arbitration award and awarded petitioner the principal amount of $453,468.62, plus interest, costs and disbursements, unanimously affirmed, with costs.

The arbitration award was properly confirmed as it did not violate a strong public policy, was not irrational, and did not exceed the arbitrator's authority (*see Matter of Board of Educ. of Arlington Cent. School Dist. v Arlington Teachers Assn.*, 78 NY2d 33, 37 [1991]; CPLR 7511 [b]). Indeed, the arbitrator offered a well-reasoned justification for his interpretation of the parties' agreement, and there exists no basis for vacatur thereof (*see Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York*, 94 NY2d 321, 326 [1999]). As for the award of counsel fees to petitioner, it was respondents that first sought such fees in their counterclaim, and mutual demands for counsel fees in an arbitration proceeding consti-

tute, in effect, an agreement to submit the issue to arbitration, with the resultant award being valid and enforceable (*see Matter of Warner Bros. Records [PPX Enters.]*, 7 AD3d 330 [2004]; *compare Matter of Matza v Oshman, Helfenstein & Matza*, 33 AD3d 493, 494-495 [2006]). While respondents may have attempted to withdraw the request for attorneys' fees in connection with their counterclaim, there was no such attempt in connection with their defense of the arbitration proceeding. Concur—Lippman, P.J., Tom, Gonzalez, Buckley and Catterson, JJ.