**Hadassah GURFEIN, Plaintiff–Appellant,**

v.

**AMERITRADE, INC., Defendant–Appellee.**

No. 07–3591–cv.

United States Court of Appeals, Second Circuit.

Feb. 27, 2009.

John Halebian, Lovell Stewart & Halebian, New York, NY. (Adam Mayes, Lovell Stewart Halebian, Richard A. Speirs, Zwerling, Schacter & Zwerling, LLP, New York, NY., Olimpio Lee Squitieri, Squitieri & Fearon LLP, New York, NY, on the brief), for Plaintiff–Appellant.

Richard J. Morvillo, (William M. Mann, Miriam R. Nemetz, Michael S. Paisner, on the brief), Mayer Brown LLP, Washington, DC, for Defendant–Appellee.

PRESENT: Hon. AMALYA L. KEARSE, Hon. PETER W. HALL and Hon. DEBRA A. LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant Hadassah Gurfein appeals from a July 18, 2007, judgment of the United States District Court for the Southern District of New York (Stanton, *J.*) dismissing her Third Amended Complaint pursuant to Fed.R.Civ.P. 12(b)(6). Gurfein alleged that defendant Ameritrade, Inc., an online brokerage, breached its contractual duties by routing to the American Stock Exchange ("AMEX") her limit orders to sell Forest Labs put options and by violating various Securities and Exchange Commission ("SEC"), National Association of Securities Dealers ("NASD"), and AMEX rules and regulations. Gurfein also alleged that Ameritrade violated its duty of best execution. We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the denial of a motion to dismiss the complaint *de novo*, " 'accepting the truth of each factual allegation it contains.' " *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 549 F.3d 137, 141 (2d Cir.2008) (quoting *Teamsters Local 445 Freight Div. Pension Fund v. Dynex Capital, Inc.*, 531 F.3d 190, 194 (2d Cir.2008)). As part of this review we may consider exhibits annexed to the complaint or incorporated by reference. *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir.1993).

To survive a motion to dismiss, "the plaintiff must provide the grounds upon which [her] claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.' " *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir.2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007)). A complaint need not detail factual allegations, but it must contain more than "labels and conclusions." *Twombly*, 127 S.Ct. at 1965.

### Routing to the Appropriate Market

Gurfein alleges that Ameritrade breached its contract because it routed to AMEX all of her electronic orders to sell Forest Labs put contracts, despite its representation that it would route her trades to "the appropriate market." [1] According

1. According to Ameritrade's 2002 Terms and Conditions, "Ameritrade is an order taker

to Gurfein, AMEX was not "the appropriate market" as demonstrated by a June 16, 2003, SEC report. The district court properly found, however, that this claim fails as a matter of law. The SEC's non-specific findings about orders placed through three primary direct access firms, not including Ameritrade and not involving Forest Labs options, are too far removed from the trades at issue here to make claims regarding AMEX's handling of Gurfein's trades anything more than speculative. *See Gurfein v. Ameritrade, Inc.*, No. 04–cv–9526, 2007 WL 2049771 at *4 (S.D.N.Y. July 17, 2007); *see also Twombly*, 127 S.Ct. at 1965. For similar reasons we agree with the district court's determination that "[a]s a matter of law, the [SEC Report] standing alone is insufficient to establish that the routing by a broker-dealer of options for execution by a specialist on the AMEX not mentioned in the Report breached that broker-dealer's duty to provide best execution." *Gurfein*, 2007 WL 2049771 at *4.

We also note that the Third Amended Complaint does not appear to contain non-conclusory allegations that there was an alternative exchange that was reasonably available to Ameritrade under the circumstances and that would have offered materially better overall execution. *See Newton v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.*, 135 F.3d 266, 270 (3d Cir. 1998). Gurfein failed to allege the existence of a specific, alternative market that would have executed her orders immediately if they had been routed there. Moreover, even if such an alternative market did exist, numerous factors are relevant to execution, including (in addition to speed) price, clearing costs, convenience, and others. *See id.* The mere allegation that the AMEX fell short of a hypothetical ideal market on one particular dimension

(speed) is not enough to suggest that Ameritrade breached its duty of best execution, considered as a whole and in light of the numerous dimensions on which an investigator might measure quality of execution.

*Violation of Regulatory Rules*

"The meaning of contract provisions is a question of law over which we exercise *de novo* review." *Photopaint Techs., LLC v. Smartlens Corp.*, 335 F.3d 152, 160 (2d Cir.2003). Whether a contract is ambiguous is a question of law for the court to decide. *Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 178 (2d Cir.2004). "[J]udgment as a matter of law is appropriate if the contract language is unambiguous." *Photopaint Techs.*, 335 F.3d at 160 (footnote omitted). "Contract language is unambiguous when it has a definite and precise meaning, unattended by danger of misconception in the purport of the contract itself, and concerning which there is no reasonable basis for a difference of opinion." *Id.* (internal quotation marks omitted). We will not find ambiguity merely because parties in litigation urge different interpretations of the contract. *Hugo Boss Fashions, Inc. v. Fed. Ins. Co.*, 252 F.3d 608, 616 (2d Cir.2001). Gurfein argues that the terms of the agreement support her claims or at least contain ambiguities that merit discovery. We disagree.

■ In its most recent iteration, Gurfein's complaint alleges that Ameritrade breached its contract by failing to comply with NASD, SEC and AMEX rules. The district court dismissed this claim, finding that "[n]o one injured by a failure to comply with those regulations can sue a broker-dealer for failing to follow the rule.

that accepts client orders to buy or sell securities and delivers those orders, to the appropri-

ate market, market maker, or electronic communications network ("ECN") for execution."

Therefore, when those regulatory rules are incorporated into a customer agreement, they do not bring with them a right to sue for an infraction." *Gurfein*, 2007 WL 2049771 at *3. On appeal, Gurfein argues that the district court erred because a breach of contract claim can still rest upon failure to comply with rules incorporated into a contract that do not by themselves create a private cause of action. Gurfein's argument misses the mark. Although Ameritrade is bound by the applicable rules and regulations in the various markets in which it operates, contrary to the allegations in the Third Amended Complaint, the language of Ameritrade's agreement with Gurfein makes clear that Ameritrade did not contractually obligate itself to its customers to follow these rules and regulations so as to create a separate cause of action for any alleged violation of them.

Gurfein contends that two paragraphs from the 2002 Terms and Obligations bound Ameritrade to comply with various rules and regulations. The first paragraph, number 139 of the Options Trading section, states:

> *In consideration of Ameritrade handling options transactions for my account, I am aware of and agree as follows:* ... All my option transactions are subject to the rules and regulations of the Options Clearing Corporation, the Chicago Board Options Exchange or the appropriate options exchange, and the National Association of Securities Dealers, Inc.

This section, drafted in the first person, memorializes only Gurfein's acknowledgment that her trades are subject to applicable rules and regulations. The unambiguous language at issue puts Gurfein on notice that her electronic trades are governed by various entities' regulatory rules. The language, however, does not incorporate into the contract the rules and regulations of those outside regulatory bodies.

Nor does it impose any contractual obligations on Ameritrade. *See Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 177 (2d Cir.2004) ("[T]he best evidence of intent is the contract itself; if an agreement is complete, clear and unambiguous on its face, it must be enforced according to the plain meaning of its terms." (internal quotation marks omitted)).

If we were to accept Gurfein's interpretation of this language, moreover, it would render paragraph 140 of the 2002 Terms and Conditions superfluous. This latter paragraph, which states that "I shall not exceed the position and exercise limits imposed by the rules of the Options Clearing Corporation," would be unnecessary if paragraph 139 already incorporated the rules and regulations of the Options Clearing Corporation. Such an outcome would be contrary to prior holdings of this Court. *See Paneccasio v. Unisource Worldwide, Inc.*, 532 F.3d 101, 111 (2d Cir.2008) ("The rules of contract construction require us to adopt an interpretation which gives meaning to every provision of the contract."); *RJE Corp. v. Northville Indus. Corp.*, 329 F.3d 310, 314 (2d Cir.2003) ("In assessing ambiguity, we consider the entire contract to safeguard against adopting an interpretation that would render any individual provision superfluous." (internal quotation marks omitted)).

Gurfein also alleges that Ameritrade breached paragraph 90 of the 2002 Terms and Conditions, which states that "[a]ll transactions under this Agreement are made subject to the constitution, rules, regulations, customs and usages of the various execution points and their clearinghouse, if any." As with paragraph 139, this language is a notice provision that informs the customer that her trades are constrained by the rules of governing regulatory agencies. And as with paragraph

139, this language imposes no additional obligations on Ameritrade.

Finally, Gurfein contends that Ameritrade breached its contract because the rules and regulations were impliedly integrated into the contract, even without specific reference to them in the agreement. This argument fails. Although these rules and regulations govern Ameritrade's dealings with the exchanges, Gurfein does not contend that the regulatory rules themselves provide investors with a private right of action. *See, e.g., Brady v. Calyon Sec. (USA),* 406 F.Supp.2d 307, 312 (S.D.N.Y.2005) ("While defendants may be subject to the rules and by-laws of NYSE and NASD, the rules of NYSE and NASD do not confer a private right of action."); *SSH Co., Ltd. v. Shearson Lehman Bros., Inc.,* 678 F.Supp. 1055, 1058 (S.D.N.Y. 1987) ("[T]he [NYSE and NASD] rules contain no express provisions for civil liability and the courts in this circuit have refused to imply a private right of action to enforce these rules."). Gurfein is precluded from creating a private cause of action for violations of these rules and regulations by fashioning her claim as one for breach of contract based on violations of rules and regulations impliedly incorporated into the agreement.

We have considered Gurfein's other arguments and find them to be without merit. For the foregoing reasons, the judgment of the United States District Court for the Southern District of New York is AFFIRMED.