■ MCLAUGHLIN, PIVEN, VOGEL SECURITIES, INC., et al., Appellants, v ROBERT FERRUCCI, Respondent. [889 NYS2d 134]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered June 25, 2008, which, insofar as appealed from as limited by the briefs, confirmed an arbitration award of attorneys' fees to respondent in the principal amount of $117,000, unanimously affirmed, with costs.

The parties' securities brokerage agreement provided that the resolution of disputes arising thereunder would be governed by New York law and that "all controversies" between them would be settled by arbitration conducted in accordance with regulations of the National Association of Securities Dealers, Inc.

(now called the Financial Industry Regulatory Authority or FINRA). The relevant regulation permits the award of "reasonable attorneys' fee reimbursement, in whole or in part, in accordance with applicable law."

An award in an arbitration subject to the Federal Arbitration Act, such as this, can be vacated on the ground of "manifest disregard of the law" (*see generally Wien & Malkin LLP v Helmsley-Spear, Inc.*, 6 NY3d 471, 478 and n 8, 480 [2006], *cert dismissed* 548 US 940 [2006]). "But manifest disregard of law is a severely limited doctrine. It is a doctrine of last resort limited to the rare occurrences of apparent egregious impropriety on the part of the arbitrators . . . To modify or vacate an award on the ground of manifest disregard of the law, a court must find both that (1) the arbitrators knew of a governing legal principle yet refused to apply it or ignored it altogether, and (2) the law ignored by the arbitrators was well defined, explicit, and clearly applicable to the case" (*id.* at 480-481 [internal quotation marks and citation omitted]).

Here, as in *Matter of Stewart Tabori & Chang (Stewart)* (282 AD2d 385, 386 [2001], *lv denied* 96 NY2d 718 [2001]), the award of attorneys' fees was not authorized by New York law, because no statute provided for such an award and it was neither authorized by an express provision of the arbitration agreement nor requested by both parties (*see also Matter of Matza v Oshman, Helfenstein & Matza*, 33 AD3d 493 [2006]). Unlike *Stewart Tabori*, however, we cannot find that the award was in manifest disregard of the law as it does not appear that the arbitrators knew that New York law was controlling on the question of their authority to award attorneys' fees. Because appellants reasonably could have been understood to have taken the position before the arbitrators that they were free to choose to apply the law of a jurisdiction other than New York, we cannot find that the arbitrators knew they were constrained to apply the law of New York. Indeed, as is clear from a review of the written award, the arbitrators did not apply New York law. Accordingly, although the arbitrators should have applied New York law and concluded that they were without authority to award attorneys' fees, the award does not reflect an "apparent egregious impropriety on the part of the arbitrators" (*Wien & Malkin*, 6 NY3d at 480). Concur—Friedman, J.P., McGuire, Moskowitz, Acosta and DeGrasse, JJ. [*See* 20 Misc 3d 1114(A), 2008 NY Slip Op 51347(U).]