OPINION OF THE COURT
Memorandum.
Ordered that the order is reversed, without costs, plaintiffs motion to, in essence, vacate its default in appearing, restore its petition to confirm an arbitration award to the court’s calendar, and grant the petition is granted, and judgment is directed to be entered confirming the arbitrator’s award of $5,606.01, and adding thereto an additional sum of $750, representing the additional attorney’s fees incurred by petitioner in confirming and enforcing the arbitration award.
After obtaining an award in an arbitration proceeding, at which respondent had failed to appear, petitioner, within a year of the delivery of the award, commenced this special proceeding, pursuant to CPLR 7510, to confirm the award. However, petitioner failed to appear on the return date of its petition, and it was stamped “denied.” Petitioner subsequently moved to, in essence, vacate its default in appearing and restore the petition to the calendar, and, upon such restoration, to confirm the arbitration award. In its motion, petitioner explained that its failure to appear on the return date had been due to a clerical error. The motion was made more than a year after the delivery of the arbitration award, and the Civil Court denied the motion, stating that petitioner had failed to make the application to confirm the arbitration award within a year of the delivery of the award. We reverse.
CPLR 7510 requires that an “application” to confirm an arbitration award be made within one year after the award was delivered. Here, the application to confirm the award was the notice of petition and petition commencing the instant proceeding, which were timely filed. Thus, the “application” was timely. Although petitioner failed to appear on the return date of the petition, it provided a reasonable excuse for that default in its motion to restore (see CPLR 5015 [a]). Therefore, petitioner’s motion to vacate its default and restore the petition to the calendar should have been granted (see Matter of City of Cortland [Murray Walter, Inc.], 124 AD2d 875 [1986]).
CPLR 7510 states that “[t]he court shall confirm an award upon application of a party made within one year after its *87 delivery to him, unless the award is vacated or modified upon a ground specified in section 7511.” Here, no party had moved to vacate or modify the award pursuant to CPLR 7511. Therefore, upon restoring the petition, petitioner’s application to confirm the award should have been granted. We also find that petitioner is entitled to the additional reasonable attorney’s fees it incurred in commencing this special proceeding to confirm the award (see National Safeway Alert Sys., Inc. v Pelham 7-11 LLC, 30 Misc 3d 142[A], 2011 NY Slip Op 50319[U] [App Term, 2d, 11th & 13th Jud Dists 2011]; United Burglar Alarm, Inc. v Teodorovich, 30 Misc 3d 142[A], 2011 NY Slip Op 50316DJ] [App Term, 2d, 11th & 13th Jud Dists 2011]; Internet Sec. Sys., Inc. v Hauer, 30 Misc 3d 142[A], 2011 NY Slip Op 50317[U] [App Term, 2d, 11th & 13th Jud Dists 2011]).
Accordingly, the order is reversed, petitioner’s motion is granted, and judgment is directed to be entered confirming the arbitrator’s award of $5,606.01, and adding thereto an additional sum of $750, representing petitioner’s reasonable additional attorney’s fees to confirm the award.
Golia, J.E, Weston and Rios, JJ., concur.