exclusion refers to the former only. A strong assumption can be made that had the Legislature meant to create an exception to the prohibition for both types of tax benefit programs, it would have done so. Further, if the exception were to be construed to apply to both tax benefit schemes, then the exception would entirely swallow the rule and render the exclusion meaningless. Well established rules of statutory construction require the avoidance of such a result (*see Canal Carting, Inc. v City of N.Y. Bus. Integrity Commn.*, 66 AD3d 609, 611 [2009], *lv denied* 14 NY3d 710 [2010]). Because the legislative intent is clear, we need not address petitioner's argument that the statutory schemes underlying RPTL 421-a tax benefits and J-51 tax benefits are substantially similar.

DHCR's interpretation of the relevant statutes was rational. Accordingly, the court properly upheld its determination denying the petition for administrative review of the order dismissing the high-rent/high-income decontrol proceeding. Concur— Mazzarelli, J.P., Catterson, Renwick, Abdus-Salaam and Manzanet-Daniels, JJ. **[Prior Case History: 2010 NY Slip Op 31955(U).]**

■ In the Matter of MICHAEL OWEN HE'RON, Appellant, v OFFICE OF THE DISTRICT ATTORNEY, BRONX COUNTY, Respondent. [946 NYS2d 466]—

Order, Supreme Court, Bronx County (Diane A. Lebedeff, J.), entered on or about May 19, 2011, which, to the extent appealed from as limited by the briefs, dismissed the petition brought pursuant to CPLR article 78, seeking, inter alia, to compel respondent to provide the records of criminal convictions and/or pending charges against one George Santos, a purported witness at petitioner's 1980 murder trial, which petitioner sought through a Freedom of Information Law (FOIL) request, unanimously affirmed, without costs.

Respondent satisfied the requirements of Public Officers Law § 89 (3) by certifying that a diligent search had been conducted and the documents could not be located in respondent's files (*see Matter of Rattley v New York City Police Dept.*, 96 NY2d 873 [2001]; *Matter of Alicea v New York City Police Dept.*, 287 AD2d 286 [2001]). An agency is not required to create records in order to comply with a FOIL request (Public Officers Law § 89 [3]; *see Matter of Data Tree, LLC v Romaine*, 9 NY3d 454, 464 [2007]). Concur—Tom, J.P., Andrias, DeGrasse, Richter and Román JJ.

■ In the Matter of BEAR, STEARNS & CO. INC., Now Known as J.P. MORGAN SECURITIES, LLC, et al., Respondents, v INTERNA-

Amended and superseding judgment, Supreme Court, New York County (Bernard J. Fried, J.), entered October 25, 2011, awarding petitioners the total amount of $339,698.94, unanimously affirmed, without costs. Appeal from order and judgment (one paper), same court and Justice, entered June 20, 2011, unanimously dismissed, without costs, as moot.

The arbitration panel did not exceed its powers or violate a strong and well defined public policy by awarding attorneys' fees (*see Matter of Goldberg v Thelen Reid Brown Raysman & Steiner LLP*, 52 AD3d 392 [2008], *lv denied* 11 NY3d 749 [2008]). The record reflects that the parties consented to the arbitration panel's consideration of an award of attorneys' fees in their pleadings and in agreeing to the application of rules that permitted such an award (*see Matter of Warner Bros. Records [PPX Enters.]*, 7 AD3d 330, 330-331 [2004]). Respondent reiterated its demand for attorneys' fees during the hearing, thereby acknowledging the power of the panel to award fees, in contrast to the actions of the litigants in *Matter of Matza v Oshman, Helfenstein & Matza* (33 AD3d 493 [2006]) and *Matter of Stewart Tabori & Chang (Stewart)* (282 AD2d 385 [2001], *lv denied* 96 NY2d 718 [2001]). Moreover, respondent did not attempt to withdraw its consent until its closing statement at the conclusion of the proceedings, which spanned more than two years, when it was apparent that the arbitration panel was likely to award petitioner attorneys' fees incurred in connection with the claim that respondent withdrew. Concur—Mazzarelli, J.P., Saxe, Moskowitz, Renwick and Freedman, JJ.

■ ANA DELIA ROMERO, Individually and as Administrator of the Estate of ANA M. FIGUEREO, Deceased, Respondent, v ST. ANTHONY COMMUNITY HOSPITAL et al., Defendants, and STANISLAW LANDAU, M.D., et al., Appellants. [946 NYS2d 467]—

Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered March 30, 2011, which denied defendants' motion, pursuant to CPLR 510 (3), for a change of venue from Bronx County to Orange County, unanimously affirmed, without costs.

A motion pursuant to CPLR 510 (3) should be made "within a reasonable time after commencement of the action" (CPLR 511 [a]) Defendants' motion, made more than two years after the commencement of the action, was untimely (*see Mena v*