■ In the Matter of BEAR, STEARNS & Co., INC., et al., Respondents, v INTERNATIONAL CAPITAL & MANAGEMENT COMPANY LLC, Appellant. [952 NYS2d 106]—

In this proceeding brought under article 75 of the CPLR, the panel in the underlying arbitration, operating pursuant to the rules of the Financial Industry Regulatory Authority (FINRA), did not exceed its powers or violate a strong and well-defined public policy by awarding attorneys' fees to petitioners Bear, Stearns and its affiliates, who were the respondents in the arbitration (*see Matter of Goldberg v Thelen Reid Brown*

*Raysman & Steiner LLP*, 52 AD3d 392 [1st Dept 2008], *lv denied* 11 NY3d 749 [2008]). In contrast to the litigants in *Matter of Matza v Oshman, Helfenstein & Matza* (33 AD3d 493 [1st Dept 2006]) and *Matter of Stewart Tabori & Chang (Stewart)* (282 AD2d 385 [1st Dept 2001], *lv denied* 96 NY2d 718 [2001]), respondent International Capital, which was the petitioner in the arbitration, demonstrated its consent to the imposition of attorneys' fees on multiple occasions throughout the arbitration. International Capital sought an award of attorneys' fees in both its initial pleadings and in amended pleadings which it filed two years later. It agreed to arbitration pursuant to FINRA rules, which specifically permit an award of attorneys' fees as a sanction for discovery abuse, of which it was accused by the Bear, Stearns parties (*see Matter of Warner Bros. Records [PPX Enters.]*, 7 AD3d 330, 330-331 [1st Dept 2004]). During pre-hearing discovery, which took more than two years and required the Bear, Stearns parties to produce millions of pages of documents, International Capital twice complied without objection to the panel's direction that it pay the Bear, Stearns parties attorneys' fees.

Moreover, during the hearing International Capital failed to object to petitioners' repeated request for fees or withdraw its own fee request. International Capital's last-minute attempt to withdraw consent was ineffectual. It waited until its closing statement at the conclusion of the proceedings before withdrawing its own claim for attorneys' fees, by which time it was apparent that the panel would award the Bear, Stearns parties attorneys' fees they had incurred in defending claims that International Capital withdrew only after discovery was completed. In any event, it is clear from the record that the panel's award amounted to a sanction for discovery abuse that was authorized by the FINRA rules. Concur—Mazzarelli, J.P., Saxe, Moskowitz, Renwick and Freedman, JJ.

The Decision and Order of this Court entered herein on June 14, 2012 (96 AD3d 531 [2012]) is hereby recalled and vacated (*see* 2012 NY Slip Op 85969[U] [decided simultaneously herewith]).