■ In the Matter of GRACE FINANCIAL GROUP, LLC, Appellant, v RICHARD DINO et al., Respondents. [31 NYS3d 472]—

Judgment, Supreme Court, New York County (Jeffrey K. Oing, J.), entered October 14, 2014, against petitioner and in favor of respondents in the total amount of $57,441.69, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered June 26, 2014, which denied petitioner's petition to vacate an arbitration award in a Financial Industry Regulatory Authority (FINRA) arbitration proceeding, and granted respondents' cross petition to confirm the award, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

The motion court properly upheld the award, since the award does not exhibit a manifest disregard of the law (*Wien & Malkin LLP v Helmsley-Spear, Inc.*, 6 NY3d 471, 480-481 [2006], *cert dismissed* 548 US 940 [2006]; *McLaughlin, Piven, Vogel Sec., Inc. v Ferrucci*, 67 AD3d 405, 406 [1st Dept 2009]; *see also Wallace v Buttar*, 378 F3d 182, 189 [2d Cir 2004]). To the extent that respondents' statements of claim plead a violation of a FINRA Notice to Members (NTM) and the rules of FINRA (or its predecessor, the National Association of Securities Dealers [NASD]), the law is clear that there is no private cause of action for such claims (*see e.g. Fox v Lifemark Sec. Corp.*, 84 F Supp 3d 239, 245 [WD NY 2015]; *see also Gurfein v Ameritrade, Inc.*, 312 Fed Appx 410, 412-413 [2d Cir 2009]; *Brady v Calyon Sec. [USA]*, 406 F Supp 2d 307, 312 [SD NY 2005]). The award, however, does not exhibit a manifest disregard of this law, since it characterizes respondents' claim as asserting only "excessive fees and mark-ups" arising from trading fees that petitioner, a brokerage firm, charged respondents, its customers, and it does not refer to the NTM or FINRA rules.

Although the motion court erred to the extent it concluded that the underlying account agreements between petitioner and each respondent incorporate FINRA rules by reference and therefore form a basis for a viable breach of contract claim (*see Gurfein*, 312 Fed Appx at 413), the motion court correctly noted that petitioner's claim is essentially an "overcharge claim." The statements of claim and other submissions expressly considered by the arbitrator, state that petitioner had charged respondents excessive fees, without notice and contrary to a previously negotiated fee schedule. This claim sufficed as a "barely colorable basis" for the award (*Matter of Roffler v Spear, Leeds & Kellogg*, 13 AD3d 308, 310 [1st Dept 2004]; *see Wallace*, 378 F3d at 190). Concur—Tom, J.P., Mazzarelli, Friedman, Richter and Kahn, JJ.