Joseph Longo, Doing Business as Nationwide Alarm Company, Appellant, v
against
Key Appraisals, Inc., and Edward Yunatanov, Respondents. Appellate Term Docket No. 2015-2077 Q C Lower Court # 12353/15 Kirschenbaum & Kirschenbaum, P.C., Gene W. Rosen, Esq., for appellant. Edward Yunatanov, respondent pro se.



Appeal from an order of the Civil Court of the City of New York, Queens County (Richard G. Latin, J.), entered June 18, 2015, deemed from a judgment of the same court entered July 8, 2015 (see CPLR 5512 [a]). The judgment, insofar as appealed from, upon granting a petition to confirm an arbitration award, implicitly dismissed petitioner's cause of action for additional attorney's fees.




ORDERED that the judgment, insofar as appealed from, is reversed, without costs, petitioner's cause of action for additional attorney's fees is reinstated, and the matter is remitted to the Civil Court for the entry of an amended judgment which shall include an award to petitioner of the sum of $750, representing the reasonable additional attorney's fees incurred by petitioner in confirming the arbitration award.
After obtaining an award in an arbitration proceeding at which respondents failed to appear, petitioner commenced this proceeding, seeking to confirm the arbitration award (see CPLR 7510) and an award of additional attorney's fees in the sum of $750, representing the reasonable fees incurred in litigating the petition. The Civil Court confirmed the award but implicitly dismissed petitioner's cause of action for the additional attorney's fees. Petitioner appeals from so much of a judgment entered July 8, 2015 as implicitly dismissed his cause of action for additional attorney's fees.
In light of the express provision in the parties' contract entitling petitioner to attorney's fees if he is the prevailing party in "any litigation" between the parties (see Matter of New York Merchants Protective Co., Inc. v RW Adart Poly, LLC, 108 AD3d 554, 557 [2013]; McLaughlin, Piven, Vogel Sec., Inc. v Ferrucci, 67 AD3d 405, 406 [2009]; see also Hooper Assoc. v AGS Computers, 74 NY2d 487, 492 [1989]; Myron Assoc. v Obstfeld, 224 AD2d 504 [1996]), petitioner can recover the reasonable attorney's fees he incurred in litigating the petition (see e.g. D & W Cent. Sta. Fire Alarm Co., Inc. v United Props. Corp., 34 Misc 3d 85, 87 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]; National Safeway Sys., Inc. v Pelham 7-11 LLC, 30 Misc 3d 142[A], 2011 NY Slip Op 50319[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]; Internet Sec. Sys., Inc. v Hauer, 30 Misc 3d 142[A], 2011 NY Slip Op 50317[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]; United Burglar Alarm, Inc. v Teodorovich, 30 Misc 3d 142[A], 2011 NY Slip Op 50316[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]). In view of the foregoing, and as we find that the sum of $750 represented the reasonable attorney's fees incurred, [*2]we reverse the judgment, insofar as appealed from, reinstate petitioner's cause of action for additional attorney's fees, and remit the matter to the Civil Court for the entry of an amended judgment which shall include an award to petitioner of the sum of $750, representing the reasonable additional attorney's fees incurred by petitioner in confirming the arbitration award.
Pesce, P.J., Weston and Aliotta, JJ., concur.
Paul Kenny
Chief Clerk
Decision Date: March 29, 2017