New York Merchants Protective Co., Inc., Appellant, 
against
Antique Rugs Studio, Inc. and Sol Hakiman, Respondents.




Kirschenbaum & Kirschenbaum, P.C. (Gene W. Rosen, Esq.), for appellant.
Antique Rugs Studio, Inc. & Sol Hakimian, respondents pro se (no brief filed).

Appeal from a judgment of the District Court of Nassau County, First District (Robert E. Pipia, J.), entered July 21, 2015. The judgment, insofar as appealed from, upon granting a petition to confirm an arbitration award, implicitly dismissed petitioner's cause of action for additional attorney's fees.




ORDERED that the judgment, insofar as appealed from, is reversed, without costs, petitioner's cause of action for additional attorney's fees is reinstated, and the matter is remitted to the District Court for a determination of the amount to be awarded to petitioner as reasonable additional attorney's fees and for the entry thereafter of an amended judgment, in accordance with the decision herein.
After obtaining an award in an arbitration proceeding, petitioner commenced this proceeding to confirm the award (see CPLR 7510). In an order dated December 14, 2009, the District Court (Michael A. Ciaffi, J.) dismissed the petition. Petitioner appealed, and this court reversed that order and reinstated the petition (see New York Merchants Protective Co., Inc. v Antique Rugs Studio, Inc., 45 Misc 3d 129[A], 2014 NY Slip Op 51526[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2014]). Thereafter, petitioner, in addition to seeking a judgment confirming the arbitration award, also sought an award of the additional attorney's fees it had incurred in the litigation to confirm the award and in the prosecution of the appeal from the order dismissing the petition. In an order dated April 23, 2015, the District Court (Robert E. Pipia, J.) confirmed the award, and, on July 21, 2015, a judgment was entered in favor of petitioner limited to the amount awarded in arbitration, thereby implicitly dismissing petitioner's cause of action for the additional attorney's fees. Petitioner appeals from so much of the judgment as implicitly dismissed its cause of action for additional attorney's fees, arguing that such fees should have [*2]been awarded.
In light of the express provision in the agreement in question entitling petitioner to attorney's fees should it prevail in "any litigation" (see Matter of New York Merchants Protective Co., Inc. v RW Adart Poly, LLC, 108 AD3d 554, 557 [2013]; McLaughlin, Piven, Vogel Sec., Inc. v Ferrucci, 67 AD3d 405, 406 [2009]; see also Hooper Assoc. v AGS Computers, 74 NY2d 487, 492 [1989]; Myron Assoc. v Obstfeld, 224 AD2d 504 [1996]), petitioner can recover the reasonable attorney's fees it incurred in litigating the petition (see e.g. D & W Cent. Sta. Fire Alarm Co., Inc. v United Props. Corp., 34 Misc 3d 85, 87 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]; National Safeway Alert Sys., Inc. v Pelham 7-11 LLC, 30 Misc 3d 142[A], 2011 NY Slip Op 50319[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]; Internet Sec. Sys., Inc. v Hauer, 30 Misc 3d 142[A], 2011 NY Slip Op 50317[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]; United Burglar Alarm, Inc. v Teodorovich, 30 Misc 3d 142[A], 2011 NY Slip Op 50316[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]) and in prosecuting the appeal from the petition's dismissal (see Matter of New York Merchants Protective Co. 108 AD3d at 557; New York Merchants Protective Co., Inc. v Korin, 46 Misc 3d 147[A], 2015 NY Slip Op 50228[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]).
Accordingly, the judgment, insofar as appealed from, is reversed, petitioner's cause of action for additional attorney's fees is reinstated, and the matter is remitted to the District Court for a determination of the amount to be awarded to petitioner as the reasonable additional attorney's fees it had incurred in the litigation to confirm the arbitration award and in the prosecution of the prior appeal, and for the entry thereafter of an amended judgment.
Marano, P.J., Tolbert and Brands, JJ., concur.
Decision Date: May 18, 2017